Deborah Kay LEONARD,
Appellant/Respondent,

v.

John Wayne LEONARD,
Respondent/Appellant,

and

Karen Lynn Morris, Respondent.

No. WD 41509.

Missouri Court of Appeals,
Western District.

Feb. 6, 1990.

Clarence Wayne Hawk, Osage, for appellant/respondent.

Michael A. Dallmeyer, Jefferson City, for respondent/appellant.

Before NUGENT, C.J., FENNER, J., and WASSERSTROM, Senior Judge.

FENNER, Judge.

This appeal arises out of an ongoing dispute between appellant Deborah Leonard and respondent, John Leonard over custody and visitation rights regarding their daughter, Justina. Deborah appeals the denial of her Motion to Terminate All Contact and Visitation of Justina with her father, John.

It is noted at the outset that appellant has failed to comply with Rule 84.04 in that appellant's brief does not contain a statement of facts which complies with the Rule. Appellant is represented by counsel from outside the state of Missouri with the assistance of local counsel who also appears of record. There is no excuse for appellant's attorneys not being familiar with and complying with the Missouri Rules of Court and counsel is cautioned that the Rules are not to be ignored. Nonetheless, respondent's Motion to Dismiss Appellant's Brief is overruled and her appeal will be addressed.[1]

The battle over the child, Justina, has been bitterly and brutally fought by both parties, as is illustrated by the drawn-out procedural history.

The parties were married on April 18, 1981. A daughter, Justina Dawn Leonard, was born of the marriage on January 21, 1982. On June 25, 1982, Deborah filed an action for dissolution of her marriage, which was dissolved on November 9, 1982. The decree awarded custody of Justina to Deborah with visitation to John.

On July 8, 1986, John filed a motion to hold Deborah in contempt for refusing to

---

1. Appellant also takes great and totally unwarranted liberty in characterizing certain findings of the trial court as "foolishness" and as being "ludicrous". Pursuant to Rule 9.03 visiting attorneys are bound by the Code of Professional Conduct the same as members of the Missouri Bar. Both of appellant's lawyers are reminded of the preamble to Rule 4, Rules of Professional Conduct, wherein lawyers are directed as follows: "[a] lawyer should demonstrate respect for the legal system and for those who serve it, including judges ..."

The record reflects conscientious and professional conduct on the part of the trial judge in the face of a difficult and emotional case. The trial judge has conducted himself in a fashion consistent with his professional responsibilities and the lawyers should be careful to do the same.

allow him visitation. On that same day, Karen Lynn Morris, the paternal grandmother, filed a motion seeking court ordered visitation with Justina.

Deborah filed her answer to the motions on August 6, 1986, alleging in pertinent part:

"... That Petitioner Deborah Kay Leonard had just cause for not allowing visitation as provided in the dissolution Decree in that Petitioner has reason to believe that Respondent has improperly conducted himself with said minor child; ..."

A temporary order was entered August 7, 1986, on the motions and answer awarding limited visitation to John and visitation to Karen Morris.

Evidence was heard on the motions on June 23, 1987, after which limited visitation was awarded to John and visitation to Karen Morris. Further evidence was heard on July 14, 1987, and a judgment was entered awarding visitation to Morris and limited visitation to John. In sum, the court's order of July 14, 1987, restricted John's visitation prior to December 1, 1987, such that visitation with Justina could be only in the actual physical presence of Morris, John's fiancee, an attorney, law enforcement officer or another person designated in advance by Deborah. This judgment additionally ordered both John and Deborah to undergo psychological testing and counseling.

John and Karen Morris filed further motions on May 31, 1988, seeking to hold Deborah in contempt for failure to comply with the order regarding visitation and for abatement in child support.

In response Deborah filed her motion to terminate all contact between John and his daughter, once again alleging as grounds that Justina had been repeatedly sexually molested by her father. Evidence on this motion was heard on December 8, 9 and 10, 1988. Considerable evidence was presented by both parties concerning the allegations of sexual abuse. For the reasons set forth infra, it will not be necessary to give a detailed recitation of said evidence.

On December 22, 1988, the trial court rendered its Findings of Fact, Conclusions of Law and Judgment. In the findings the trial court found that the evidence indicated only that it is possible that someone might have sexually molested the child, but there was no credible evidence that it was the father. Deborah was held in contempt and ordered to pay attorney's fees of $7,500 to John's attorney. Visitation was also ordered with Karen Morris and limited visitation with John, only in the presence of Karen Morris. In addition, Deborah was ordered to take Justina for quarterly medical and psychological exams to insure she is not being sexually abused. Deborah filed a timely notice of appeal from this judgment.

Deborah presents eight points on appeal, the first of which is dispositive herein. In Point One Deborah argues that the trial court erred in failing to appoint a guardian ad litem to represent Justina because such appointment is mandatory where, as here, there are allegations of sexual abuse.

Section 452.423.1, RSMo Cumm. Supp. 1989, effective September, 1988, requires that a guardian ad litem be appointed to represent the child in proceedings for child custody where custody, visitation, or support of a child is a contested issue and there is an allegation of child abuse. The statute mandates in pertinent part:

The court *shall* appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged. (Emphasis added)

John argues that the failure was not error because Deborah failed to request the appointment of a guardian ad litem and because the December, 1988, proceedings following the September, 1988, effective date of 452.423.1 were merely continuations of earlier proceedings begun when the appointment of a guardian ad litem was within the discretion of the trial court. He also argues that even if § 452.423.1 is applicable, the matter was still within the trial court's discretion because § 452.490.4, RSMo 1986, was not expressly repealed by § 452.423.1, RSMo Cumm. Supp.1989.

John overlooks the case of *C.J.(S.)R. v. G.D.S.*, 701 S.W.2d 165 (Mo.App.1985) cited

by Deborah. Under similar factual circumstances the court therein, at page 169, stated:

> [W]e hold that it is an abuse of discretion not to appoint a guardian ad litem, as permitted by § 452.490.4, where, as here, the choice of the custodian of minor children is in issue, and the court has knowledge, from the pleadings or from any other source, that the children in question have been, or are being, abused while in the custody of one claiming the right to be their custodian.

This court is not inclined to overlook this case which was decided well before the hearings held in December, 1988, and which mandated the appointment of a guardian ad litem.

Section 452.423.1, RSMo Cumm. Supp. 1989, was in effect at the time of the hearing in December, 1988, and likewise mandated the appointment of a guardian ad litem. It makes no difference whether the hearings in December, 1988, were continuations of earlier proceedings or otherwise. This does not overcome the fact that a guardian ad litem should have been appointed, especially given that *C.J.(S.)R.*, 701 S.W.2d 165 took away the discretionary nature of the appointment.

It also makes no difference that neither of the parties requested the appointment of a guardian ad litem. *C.J.(S.)R.*, 701 S.W.2d at 169 holds that it is the court's duty to appoint a guardian ad litem where custody is in issue and the court has knowledge of alleged abuse by one claiming a right to custody. *C.J.(S.)R.* and § 452.423.1, RSMo Cumm. Supp.1989, make it the court's duty to appoint a guardian ad litem regardless of whether or not either of the parties request the appointment.

Because it was error for the trial court to fail in appointing a guardian ad litem, the case must be remanded. On remand the trial court is directed to appoint a guardian ad litem. The guardian ad litem, upon review of the record and after interviewing Justina, should determine what, if any action is necessary. The guardian ad litem should determine whether or not it is necessary to present additional evidence or recall witnesses to present testimony as the guardian ad litem deems essential to insure that the best interests of Justina are able to be determined. Once the guardian ad litem is satisfied that the best interests of Justina have been adequately represented, the guardian ad litem is to so inform the court together with any recommendations the guardian ad litem deems it necessary to make.

Deborah also requests that this court issue an order disqualifying the trial court judge from presiding over any future hearings in this matter on the basis of bias and prejudice. This issue was not raised before the trial court and has not otherwise been preserved for review. Nonetheless, a review of the record does not reveal evidence of the requisite bias and prejudice necessary for disqualification. Deborah's request for disqualification of the trial judge is denied.

It should be clear to the parties that remand is not for purposes of a new proceeding that would allow disqualification of the trial judge as a matter of right, but rather for a continuation of the proceedings before the court as directed herein.

Based on the foregoing, the cause is remanded to the trial court to take action consistent with the decision herein.

All concur.