**Lisa Dawn JOHNSON (Brooks),
Respondent,**

v.

**Donald Jon JOHNSON, Appellant.**

No. WD 43189.

Missouri Court of Appeals,
Western District.

May 7, 1991.

Rehearing Denied June 27, 1991.

Randall W. Cain, Lee's Summit, for appellant.

C. Michael Fitzgerald, Warrensburg, for respondent.

Before NUGENT, C.J., and ULRICH and BRECKENRIDGE, JJ.

ULRICH, Judge.

Donald Jon Johnson appeals from the March 29, 1990, judgment granting in part and denying in part his motion to modify the May 21, 1989, judgment dissolving the marriage between himself and Lisa Dawn Brooks. Mr. Johnson seeks custody of the minor child born of the marriage between the parties and alleges in his motion to modify that the minor child is neglected by Mrs. Brooks, the child's custodian pursuant to the decree of dissolution. Mrs. Brooks, in lieu of filing a responsive brief, filed a motion with this court to dismiss the appeal and to remand the case to the trial court contending that the trial court violated § 452.423.1, RSMo Supp.1990, by failing to appoint a guardian ad litem for the minor child born of the marriage. Thus, the question presented is whether the failure to appoint a guardian ad litem in behalf of the minor child, whose custody, visitation and support are contested issues, violates § 452.423.1 and requires that the case be remanded for compliance with the statute and for further proceedings. The judgment is reversed and the case is remanded with directions.

The marriage between the parties was dissolved by the Circuit Court of Johnson County on May 21, 1986. Custody of the parties' minor child, born on October 21, 1984, was awarded to Mrs. Brooks. Mr. Johnson was ordered to pay child support in the amount of $250 per month. He was granted reasonable rights of visitation.

Until April 1987, both parties resided in Johnson County. In late March or early April 1987, Mrs. Brooks moved her residence to Colorado, taking the couple's daughter with her. In early 1988, Mrs. Brooks remarried and subsequently moved to Ohio.

Mr. Johnson filed his motion to modify the decree of dissolution soon after Mrs. Brooks moved to Colorado. Mrs. Brooks then filed a motion to increase child support. After a hearing, the trial court entered judgment denying Mr. Johnson's mo-

tion to modify and sustained Mrs. Brooks' motion for authorization to leave the State of Missouri with the minor child. The court did not award joint legal custody, and it declined to increase or decrease child support payments. The court held that Mrs. Brooks was not in contempt for allegedly denying Mr. Johnson visitation or for removing the minor child from the State of Missouri. The court also denied both parties' requests for attorney's fees, denied Mr. Johnson's motion for abatement of child support, and sustained Mr. Johnson's request for specific visitation, modifying the decree to provide for specific periods of visitation between Mr. Johnson and his daughter. Mr. Johnson's motion for a new trial was denied.

■ Section 452.423.1, RSMo Supp.1990, provides:

In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. *The court shall appoint a guardian ad litem in any proceeding in which abuse or neglect is alleged.*

(Emphasis added.) Thus, the statute compels the appointment of a guardian ad litem in all child custody proceedings where a party alleges abuse or neglect of a minor child whose custody, visitation, or support is a contested issue.

In the case of *Leonard v. Leonard,* 783 S.W.2d 514 (Mo.App.1990), this court considered the remedy for the trial court's failure to appoint a guardian ad litem as required by § 452.423.1. This court held, in *Leonard,* that even though neither party requested the appointment of a guardian ad litem for the child, allegations of sexual abuse in proceedings on the motion to terminate the father's visitation rights required that the case be remanded and a guardian ad litem appointed for the minor child. *Id.* This court directed that the guardian ad litem determine whether additional evidence should be presented and whether witnesses should be recalled for the purpose of presenting testimony essential to insuring that the trial court was able to determine the best interests of the child. *Id.*

■ In this case, Mr. Johnson's motion to modify alleges that Mrs. Brooks, custodian of the minor child, "neglected the physical and mental health of the minor child by allowing the child to be frequently ill...." The trial court did not appoint a guardian ad litem for the minor child as required by § 452.423.1. Therefore, the case will be remanded to the trial court with directions to appoint a guardian ad litem for the minor child. As in *Leonard,* after reviewing the record, interviewing the minor child and such other persons as the guardian ad litem deems appropriate, including either or both of the parties, the guardian ad litem will determine if additional evidence should be presented and if witnesses should be recalled for questioning by the guardian ad litem to aid the trial court in determining the best interests of the minor child. When the guardian ad litem is satisfied that the best interests of the minor child have been adequately represented, the guardian ad litem will inform the court and will make any recommendations to the court the guardian ad litem deems appropriate.

The other issues raised by Mr. Johnson's appeal are not considered. Additional evidence, if any, or the guardian ad litem's recommendations may alter the trial court's decision, and the judgment, therefore, will be reversed.

The judgment of the trial court is reversed and the case is remanded with directions to the trial court to take action consistent with this decision. Respondent's motions for dismissal and for remand are moot and are denied.

All concur.