**S.L.J., Petitioner/Respondent,**

v.

**R.J., Respondent/Appellant.**

**No. 58617.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 11, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 1991.

Application to Transfer Denied
July 31, 1991.

Daniel P. Card, II, Bruce E. Friedman, Clayton, for respondent/appellant.

Mark H. Kruger, Randall B. Kahn, St. Louis, for petitioner/respondent.

REINHARD, Presiding Judge.

Father appeals from orders entered in the trial court after a trial on his motion to modify child custody provisions, mother's cross-motion and her motions for contempt. We reverse in part and remand in part.

The parties' marriage was dissolved in 1987 and we affirmed the trial court's judgment and decree in *S.L.J. v. R.J.*, 778 S.W.2d 239 (Mo.App.1989). Provisions in the decree as pertaining to the children were that mother was to be the physical custodian with father having extensive "temporary custody and visitation."[1] Father's actual custody rights in terms of time were in excess of 50%. A guardian ad litem had been appointed for the children, Robert, presently aged 13, and Daniel, aged 10, in the dissolution proceedings.

In father's Motion to Modify filed on May 4, 1988, he alleged that since October,

1987, the older of the two children, Robert, had refused to live with mother. He requested that the decree be modified to grant him custody of Robert. He also filed a Request for the Appointment of a Guardian Ad Litem on July 26, 1989,[2] which the court denied. Mother filed her Amended Cross–Motion to Modify on September 21, 1989, in which she alleged that:

> Unless [father's] temporary custody and custody rights are severely limited and restricted and supervised by Court services or Division of Family Services, that [father] will continue to disobey the Orders of this court, will continue to endeavor to alienate the minor children from [mother], will continue to teach the minor children by word and example that they do not have to obey the orders of this Court, will interfere with [mother's] custody rights, and will cause emotional and psychological harm to the children ... Unless the minor child Robert Michael J_____ is provided with counseling, both individually and family counseling with [mother], irreparable harm will come to said minor child as well as irreparable harm to the relationship of [mother] and said minor child.

Both parents also filed Motions for Contempt. At the hearing mother's evidence indicated that contrary to the order of the court she was denied access to the children while they were with their father, that father had refused to return Daniel, the younger child, when her custody period began, had frequently involved both children in his disputes with mother. Robert J_____, the older son, testified that he wished to live with his father and that if the court ordered him to live with his mother he would refuse to do so.

The trial court, on March 1, 1990, in its findings of fact, conclusions of law and order, held that:

> The Court finds that [father] has not ceased and desisted from interfering

---

1. The court's order is in excess of 45 pages, 7 of which set out in great detail the times and days upon which each parent shall have custody. We have summarized as these additional facts have no bearing on the issues of this appeal.

2. His motion asked that he be appointed the guardian ad litem.

with and intentionally violating the custody provisions of the Court's Orders and poisoning the minds of the children against [mother] ... Temporary Custody and unsupervised visitation would adversely affect the children's emotional health and development ... It is, therefore, in the best interests of the minor children that [father] have no rights of temporary custody with said children and that [father] have rights of visitation with said children for four hours each week under the supervision of [court personnel] ...

The minor children, Robert J——— and Daniel J——— shall reside with [mother], who has been awarded primary legal and physical custody of them. They shall follow her directions and instructions, as the primary custodial parent. Upon failure of said children to obey the orders of this Court, this cause shall be referred to the Juvenile Court of St. Louis County, Missouri. A copy of this Order shall be served upon Robert J——— and return shall be made by the Sheriff to this Court. This Court cannot tolerate defiance of its Order and such evidence of defiance was exhibited by Robert J——— to this Court directly during his testimony.

The court also ordered, after commenting upon the number of lawsuits filed by father, that:

[Father] shall not file any new litigation against [mother] until and unless he first posts a bond in the amount of $25,000 to protect [mother] from the financial burden of undue harassment ...

This appeal followed.

■ Father first contends that the trial court erred in refusing to appoint a guardian ad litem because mother's Motion to Modify and her contempt motion raised allegations of abuse, thereby mandating the appointment.

The relevant statute, § 452.423.1 RSMo Cumm.Supp. 1989, states:

1. In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. The court *shall* appoint a guardian ad litem *in any proceeding in which child abuse or neglect is alleged.* (Emphasis added.)

Father relies on *Hough v. Hough,* 794 S.W.2d 252 (Mo.App.1990); *Leonard v. Leonard,* 783 S.W.2d 514 (Mo.App.1990); and *Johnson v. Johnson* 812 S.W.2d 176 (W.D.1991). These cases held that the trial court must appoint a guardian ad litem prior to proceeding if the petition alleges child abuse and neglect. In all of them, however, specific allegations of abuse or neglect were made. In *Johnson,* for example, husband accused wife of "neglect[ing] the physical and mental health of the minor child by allowing the child to be frequently ill ..." *Johnson,* at 177. In *Leonard,* a specific allegation of child sexual abuse had been made. *Leonard* at 515. In *Hough* husband alleged that wife "neglects the health of the minor children and has endangered the health of the minor children by encouraging and permitting irresponsible use of medications." *Hough* at 253. We conclude that the pleadings here did not allege abuse or neglect as contemplated by the legislature and thus did not necessitate the appointment of a guardian ad litem.

This conclusion does not, however, end our inquiry. Both §§ 452.423.1 and 452.-490.4 allow the appointment of a guardian ad litem "[i]f the court finds it to be in the best interests of the child ..." § 452.490.4, RSMo 1986. Clearly the substance of these directions is to allow for the appointment of a guardian ad litem if the circumstances of the case warrant such an appointment. This is one of these cases. The acrimony of the relationship between the parents has already raised concerns about emotional and psychological damage. In addition, the trial court felt compelled to have a 13–year old child served with his order and to suggest that the involvement of juvenile authorities may be required. This alone buttresses the need to have independent representation of the children in this case. We also note that a guardian ad litem was appointed to represent the chil-

dren in the dissolution proceedings. While technically a motion to modify is a separate and distinct proceeding from the original dissolution, it is clear that the same problems that arose in that case with respect to the children continue in this one.

■ The totality of circumstances here require the remand of this case to the trial court for the appointment of a guardian ad litem. However, this does not necessitate a retrial of the entire case. As in previous cases, the guardian ad litem has available both the record of the dissolution proceeding and this proceeding. He or she should examine same and conduct such other investigations as are necessary to protect the interests of the children. After such investigations are completed he or she should petition the trial court for such additional proceedings as he or she feels necessary. Then the trial court should conduct such additional proceedings and make such determinations as are in the best interests of the children.

■ Father also contends that the trial court erred in its order requiring father to post a bond prior to filing any new litigation against mother. We agree. We have discovered no Missouri case law that supports such a requirement. However, the Supreme Court of Colorado, in the *Board of County Commissioners of the County of Boulder v. Barday*, 197 Colo. 519, 594 P.2d 1057 (1979), enjoined the husband from filing suit as a plaintiff in any "present or future pro se suits arising out of or related to the respondent's marital difficulties ..." *Id.* at 1058. The husband had filed seven complaints in state and judicial district courts in the state of Colorado as well as an original proceeding in the Supreme Court of Colorado. He had retained two attorneys at different times both of whom had petitioned for permission to withdraw. Husband had then elected to proceed pro se. *Id.* at 1057. The defendants in these suits included the Board of County Commissioners of Boulder County, the City of Boulder, his ex-wife, the State of Colorado, judges of the 20th Judicial Circuit, a district attorney, various law enforcement officers, his wife's attorney and

her relatives. In approximately two years 26 defendants had been drawn into litigation because of his pro se actions.

The Board of County Commissioners petitioned the *Supreme Court* asking that husband be "enjoined from proceeding pro se as a plaintiff in any present or future litigation in the state courts of Colorado." *Id.* at 1057. In granting the order requiring him to have an attorney represent him in actions relating to his marital difficulties the Supreme Court of Colorado said: "the power of this court to issue such an injunction is firmly established in this state. It is based upon Article VI, Section 2(1) of the Colorado Constitution, which vests this court with general superintending power over all inferior state courts." *Id.* at 1059.

The Missouri Supreme Court has the same authority in that it has the task of supervising all inferior state courts. *See* Mo. Const. Art. V § 4, subd. 1. In addition, "[e]ach district of the court of appeals shall have general superintendency control over all courts and tribunals in its jurisdiction." *Id.* Thus, this court might have the authority to take such action. In any event, we are reviewing the decision of the trial court and it appears to us that the trial court has, on a case by case basis, sufficient authority to impose sanctions as to frivolous and harassing suits.

We note three separate statutes or rules that address the issues of frivolous or harassing litigation. Section 514.205.1, RSMo 1986, allows the imposition of sanctions whenever the court finds that a cause has been initiated "frivolously or in bad faith ...". Rule 55.03 provides that pleadings or motions must be signed by either the attorney of record or by the party instituting the action. The signature certifies that among other things, the pleading is "... not interposed for any improper purpose, such as to harass or to cause unnecessary delay ...". Papers signed in violation of this rule may also result in sanctions being imposed upon the offender. Finally, Rule 84.19 approves the imposition of sanctions for frivolous appeals. Mother had cited *In re Billy Ray Tyler*, 839 F.2d 1290 (8th Cir.1988) as well as several other federal

cases. They are not controlling here. While we understand the frustration of the mother, the broad order of the trial court has no support in Missouri law. It is incumbent on the father, who is trained in the law, not to use that legal training in a manner that unnecessarily brings the children before the court. We conclude that the creative solution imposed by the trial court was in error and must be set aside. We thus reverse that portion of the lower court's order imposing the bond and remand for the appointment of a guardian ad litem.

STEPHAN and CRANE, JJ., concur.