Gregory E. **RENFRO,** Respondent,

v.

Karen L. (Renfro) **FEHRMANN,** Appellant.

No. WD 43938.

Missouri Court of Appeals, Western District.

Sept. 3, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 1991.

Gary Lee Stamper, Columbia, for appellant.

John Thomas Kay, California, for respondent.

Before LOWENSTEIN, C.J., FENNER, P.J., and HANNA, J.

FENNER, Presiding Judge.

Appellant, Karen Renfro, appeals from a modification of the decree of dissolution of her marriage to respondent, Gregory Renfro, ordering custody of the parties' two minor daughters to Gregory Renfro.

The original decree of dissolution awarded the parties joint custody of the daughters, with primary physical custody to Karen Renfro. The parties were likewise awarded joint custody of a minor son, born to the marriage, with primary physical custody awarded to Gregory Renfro.

Appellant filed a Motion to Modify on November 13, 1989, seeking termination of the joint custody arrangement and requesting a change in custody granting her primary physical custody of the son. Respondent filed a Cross–Motion to Modify seeking termination of the joint custodial arrangement and requesting a change in custody granting him primary physical custody of the daughters.

Following trial, the court found a substantial and continuing change in circumstances so as to affect the best interests of the children and modified the decree of dissolution granting respondent custody of the three children and reasonable visitation to appellant.

In appellant's sole point on appeal she argues that the trial court erred by failing to appoint a guardian ad litem because neglect was alleged in the pleadings and substantial evidence of neglect was adduced at trial.

The relevant statutory provision is § 452.423.1, RSMo Supp.1990, which provides, in pertinent part, as follows:

1. In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged.

Appellant argues that neglect was alleged in the pleadings. Although she does not state specifically where the pleadings allege neglect, it will be assumed, for purposes of this appeal, that she is referring to the following allegation in her Motion to Modify:

d. The [Respondent] has permitted the minor children, when in his temporary or physical custody, to be exposed to conditions which could or would possibly endanger said minor childrens' physical health and/or impair said childrens' emotional development.

There is no dispute that it is error if the trial court does not appoint a guardian ad litem, sua sponte, where neglect is alleged in a modification proceeding. *Leonard v. Leonard*, 783 S.W.2d 514, 516 (Mo.App. 1990). However, in the present case, a review of the pleadings does not indicate an allegation of neglect. The allegation referenced above is ambiguous, at best, as

is illustrated by the usage of language such as "... exposed to conditions which *could* or *would possibly* endanger said childrens' physical health...." From that vague and ambiguous language, this court is unable to find an allegation of neglect or to charge the trial court with error for failing to appoint a guardian ad litem.

■ Appellant also argues that the evidence supported a finding of neglect. Where neglect becomes apparent from the record, whether or not it has been pleaded, the trial court is obligated to appoint a guardian ad litem. *Leonard,* 783 S.W.2d at 516.

■ Evidence adduced at trial revealed that the parties' son had received successful chemotherapy treatments after being diagnosed with a malignant brain tumor. It was appellant's belief that it was best to consider alternative treatments for the child such as naturopathic or holistic treatments, including chiropractic therapy, vitamin therapy, acupuncture and mental imagery. Respondent preferred the traditional and recommended radiation therapy for the child.

Although neglect is not defined in Chapter 452, guidance is provided by the definition of that term in § 210.110(5), RSMo 1986, which in substance pertains to reporting instances of child abuse and neglect to the appropriate authorities. Neglect is defined therein as:

> ... failure to provide, by those responsible for the care, custody, and control of the child, the proper or necessary support, education as required by law, nutrition or medical, surgical, or any other care necessary for his well-being;

*See, Hough v. Hough,* 794 S.W.2d 252 (Mo. App.1990).

The evidence presented did not suggest a failure to provide the proper or necessary medical care for the child's well-being. On the contrary, the evidence indicated that both parties had their own beliefs as to the type of treatment that would best help their son recover from his ill-fated condition and much time was spent seeking to establish which party was best suited to recognize and meet the child's needs.

The trial court, after hearing the evidence, stated:

> I do not oppose unconventional medical treatment and certainly would not oppose it, but when it gets to the point that it hinders conventional medical treatment or hinders generally accepted medical treatment for the children, I think that's not in the best interests of the children.

Clearly, the trial court considered the evidence before it and properly arrived at a decision that would serve the best interests of the children. It is not within the province of this court to second guess that decision. There was no allegation of neglect in the pleadings, nor did the evidence presented reveal a situation from which the trial court should have found neglect such that would warrant appointment of a guardian ad litem.

The judgment is affirmed.

All concur.