In re the MARRIAGE OF S.G. and V.G.

**S.G., Petitioner/Appellant,**

v.

**V.G., Respondent/Respondent.**

No. 59977.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 14, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 19, 1992.

Application to Transfer Denied
March 24, 1992.

Allan H. Zerman, Cary Jon Mogerman, Clayton, for appellant.

Charles D. Sindel, Sindel & Sindel, P.C., Clayton, for respondent.

CRANE, Judge.

S.G., mother, appeals from the order of the trial court denying her motion for contempt against V.G., father, for failure to produce the parties' minor child on one occasion for a scheduled weekend visitation. The order is affirmed.

The parties' marriage was dissolved on April 20, 1990. The decree of dissolution incorporated a Marital Settlement and Separation Agreement in which husband was given primary custody of the parties' minor son, N.G., and mother was given primary custody of the parties' minor daughter. Each parties' custody was subject to rights of temporary custody and visitation of the other.

On the Wednesday immediately prior to the weekend visitation scheduled for February 23–25, 1991, mother had temporary custody of N.G. On Thursday evening, upon regaining custody of N.G. after school, father, a Board Certified orthopedic surgeon, noticed bruises on both sides of N.G.'s neck, characteristic of having been grabbed around the throat. Upon questioning N.G. about these marks, father learned that while N.G. was in mother's custody, mother's friend, John Taylor, had

grabbed N.G. and was so rough with him, he caused N.G. to vomit.

Father telephoned both mother and Taylor in an attempt to discuss this occurrence with her, but mother was verbally abusive and repeatedly hung up on him. N.G. was agitated, and after talking to mother on the telephone, he expressed fear of returning to mother's home. In his third attempt to talk to mother on the telephone, father advised her that he would like N.G. to return to mother's home, but that N.G. was far too upset to go there for the upcoming weekend. On that weekend, N.G. was not turned over to mother for visitation as scheduled. Father arranged a meeting with N.G.'s therapist and urged mother to attend in order to resolve the situation. Mother agreed to see the therapist along with father and N.G. As a result of that meeting, N.G. resumed temporary visitation with mother pursuant to the Decree.

On February 28, 1991, mother filed a Motion to Cite and Punish against father for the failure to produce N.G. on the weekend of February 23–25, 1991. A hearing was held on March 22, 1991. At the conclusion of the hearing, the trial court denied the motion and found on the record that Father "did not wilfully fail or refuse to allow visitation of the minor child on the weekend of February 23 to 25, 1991 or the denial of visitation to the petitioner on those dates [was] for good reason and cause." The court asked the parties to leave a written memo to that effect. The written memo stated that the court found that husband did not wilfully and contumaciously withhold temporary custody. Mother appeals from the order denying her motion.

In matters pertaining to visitation rights, we give deference to the trial court's assessment of what serves the best interest of the child and that judgment should be reversed only if it lacks substantial evidence to support it, it is against the weight of the evidence or erroneously declares or applies the law. *Shoemaker v. Shoemaker*, 812 S.W.2d 250, 253 (Mo.App. 1991).

Mother argues that the trial court erred in denying her motion for contempt because father intentionally elected not to allow temporary custody and his decision was not justified. We disagree. Mother's motion for contempt is governed by Section 452.400 RSMo (Supp.1989) which provides, in pertinent part:

3. The court shall mandate compliance with its order by both the custodial parent and the child. In the event of noncompliance, the noncustodial parent may file a motion for contempt. Upon a finding by the court that its order for visitation has not been complied with, *without good cause*, the court shall define the noncustodial parent's visitation in detail and shall exercise its discretion in providing a remedy,....

The court, before holding the custodial parent in contempt, must first find an absence of good cause for failure to comply with the visitation order. *Shoemaker*, 812 S.W.2d at 253.

There is substantial evidence to support the trial court's finding that the denial of visitation to the mother on the weekend of February 23 to 25 was "for good reason and cause." The child had been injured at mother's home, was upset by this treatment, and was afraid to return there. Father arranged a visit with the child's therapist by father, mother and the child, after which temporary visitation was resumed. There is nothing in the record to suggest that husband wilfully and intentionally set upon a course designed to deprive mother of her visitation rights. *See, e.g., S.L.J. v. R.J.*, 778 S.W.2d 239, 245–46 (Mo.App. 1989).

Mother urges us to follow *A.G. v. R.M.D.*, 730 S.W.2d 543 (Mo. banc 1987) in which a defense of good cause was not allowed in a contempt action in a child custody case. *A.G.* was decided under § 452.400 RSMo 1986 which did not contain the present subsection (3) to that statute. Contempt actions in child custody cases are now governed by § 452.400.3 RSMo (Supp. 1989) which requires a finding that visitation was denied without good cause. *Shoe-*

*maker*, 812 S.W.2d at 253. Subsection (4) of that statute continues to state in part:

    4. ... In addition, the court may utilize any and all powers relating to contempt conferred on it by law or rule of the Missouri supreme court.

However, this subsection does not expand the ability of a trial court to find contempt unless it has made a finding that the failure to comply with its order was without good cause.

    The order of the trial court is affirmed. The motion for damages for frivolous appeal is denied.

    REINHARD, P.J., and GARY M. GAERTNER, J., concur.