**STATE of Missouri, ex rel., Mildred SCOTT, Relator,**

v.

**The Honorable Joseph A. GOEKE, III, Judge of the Circuit Court of St. Louis County, Missouri Division 34, Respondent.**

No. 64484.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

Nov. 2, 1993.

Lester H. Goldman, St. Louis, for relator.

Susman, Schermer, Rimmel & Shifrin, Mark H. Kruger, Randall B. Kahn, St. Louis, for respondent.

PUDLOWSKI, Presiding Judge.

Relator, Mildred Scott, filed her writ of prohibition seeking this court's order prohibiting the respondent from proceeding in a civil contempt proceeding without appointing a guardian ad litem (GAL). We issued a preliminary order and now determine that it was improvidently issued.

Relator and her ex-husband (husband) are both employed as deputy juvenile officers and their marriage was dissolved by the respondent on March 1, 1993. In the decree, husband was given temporary custody and specified visitation of the couple's only child. Relator failed to abide by the order and husband filed a verified motion for contempt and obtained an order to show cause. Relator filed her reply which in part averred, "that the minor child has told [relator] that

she does not want to be with [husband] by herself or overnight and further has told [relator] that [husband] has hit her with a shoe." Relator further sought in her reply an appointment of a GAL for the minor child.

On August 6, 1993, relator and husband appeared before respondent for a hearing on husband's motion for contempt. Prior to the commencement of the hearing, relator motioned that a GAL be appointed for the child before continuing with the hearing. Respondent denied the motion and after the hearing entered orders which compelled relator to comply with the March 1, 1993 order regarding husband's visitation. Respondent found that relator refused to allow husband to exercise visitation at any time after March 1, 1993. Respondent also found that relator failed to abide by the March 1st order by refusing to provide the child's residence address, providing husband and the court with a false address for the child and informing husband that he would never see his child again regardless of what anyone told her to do. Relator filed a petition for writ of prohibition and we granted a preliminary order in prohibition.

■■■ Prohibition is an independent proceeding to prevent or correct judicial proceedings that lack jurisdiction. *State ex rel. Am. Family Mut. Ins. Co. v. Koehr*, 832 S.W.2d 7, 8 (Mo.App.E.D.1992). A court should exercise its discretionary authority to issue an extraordinary remedy such as a writ of prohibition only when the facts and circumstances demonstrate unequivocally that there exists an extreme necessity for preventative action. *State ex rel. 401 North Lindbergh Associates v. Ciarleglio*, 807 S.W.2d 100, 103 (Mo.App.E.D.1990).

■■■ Relator argues that respondent acted without jurisdiction because a GAL was not appointed for the child during the contempt hearing. In her brief seeking the writ, relator relies on § 452.423.1, RSMo Cum.Supp. 1992 [1] which provides:

In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged.

■■ The trial court's duty to appoint a GAL arises when there is evidence presented of abuse or when abuse is alleged in the motions or pleadings. *Van Pelt v. Van Pelt*, 824 S.W.2d 135, 139 (Mo.App.W.D.1992).

Relator contends she alleged abuse in her reply to husband's motion for contempt. Chapter 452 does not define abuse but a definition in Chapter 210, which governs child protection and reformation, has been used by Missouri Courts to define abuse as provided in § 452.423.1. *Osmun v. Osmun*, 842 S.W.2d 932, 935 (Mo.App.E.D.1992). Section 210.110(1), RSMo 1986 defines abuse as "any physical injury, sexual abuse, or emotional abuse inflicted on a child other than by accidental means by those responsible for his care, custody, and control except that discipline including spanking, administered in a reasonable manner shall not be construed to be abuse." The portion of relator's allegation which states that the child does not wish to be with the husband cannot be construed as an allegation of abuse. The issue therefore is whether the allegation that the child told relator that husband hit her with a shoe, constitutes abuse within the meaning of § 452.423.1. Although this presents a close question, we find relator's allegation insufficient.

Respondent found that husband had no visitation with the child after March 1, 1993. The alleged incident must therefore have occurred prior to the dissolution of the marriage. Some specificity regarding when the alleged incident occurred and when the child told relator about the incident was necessary. If prior to March 1, 1993, the child told relator about the incident then relator should have raised this issue during the dissolution proceeding and not four and one-half months later in response to a contempt motion. *Cf. Aisadi v. Aisadi*, 823 S.W.2d 123, 127 (Mo. App.S.D.1992).

---

1. All statutory references are to RSMo Cum. Supp.1992 unless otherwise indicated.

The definition of abuse in § 210.-110(1), RSMO 1986 provides that physical injury inflicted by accidental means does not constitute abuse. In *Bertz v. Bertz*, 856 S.W.2d 932 (Mo.App.S.D.1993), the mother testified that during a fight between the couple, the father pushed the child by the neck down a hallway.[2] Because it could be inferred that the father's anger was directed toward the mother and not the child, the court held that the father's conduct did not constitute abuse within the meaning of § 452.423.1. *Id.* at 934. Section 210.110(1), RSMo 1986 also provides that discipline including spanking, which is administered in a reasonable manner does not constitute abuse. *See Osmun*, 842 S.W.2d at 935.

In the present case, the allegation is ambiguous because it is unclear whether the incident falls within the exceptions provided in § 210.110(1), RSMo 1986. The allegation provides no details regarding the circumstances or timing of the incident. Although we recognize that allegations should be broadly construed, a minimum degree of specificity is required. *See S.L.J. v. R.J.*, 821 S.W.2d 104, 105–06 (Mo.App.E.D.1991); *Renfro v. Fehrmann*, 817 S.W.2d 592, 593–94 (Mo.App.W.D.1991). Under the facts of this case, the allegation lacks the specificity to constitute an allegation of abuse within the meaning of § 452.423.1.

Even assuming relator's allegation was sufficient, respondent did not err by failing to appoint a GAL for the contempt hearing. Pursuant to the first sentence of § 452.423.1, a trial court may appoint a GAL in all proceedings for child custody, dissolution of marriage or legal separation. The second sentence provides the court shall appoint a GAL "in any proceeding in which child abuse or neglect is alleged." Section 452.423.1. Citing Black's Law Dictionary (4th ed. 1968) definition of proceeding, relator contends that the mandatory language of the statute must be applied in any application, however made, to a court of justice. According to relator, if an allegation of abuse arose in a contract case then a GAL must be appointed. We presume the legislature does not intend an unreasonable or absurd result but rather a logical result. *David Ranken, Jr., Technical Inst. v. Boykins*, 816 S.W.2d 189, 192 (Mo. banc 1991); *Blaine v. J.E. Jones Constr. Co.*, 841 S.W.2d 703, 711 (Mo. App.E.D.1992). The second sentence of § 452.423.1 should be read in conjunction with the first sentence. Accordingly, a trial court's mandatory duty to appoint a GAL arises in all proceedings for child custody, dissolution of marriage or legal separation.

Prior to the enactment of § 452.423.1, there was no statutory provision for the mandatory appointment of a GAL in a child custody case where abuse was alleged. *C.J.(S.)R. v. G.D.S.*, 701 S.W.2d 165, 169 (Mo.App.S.D.1985). In *C.J.(S.)R.*, the court held that a trial court abuses its discretion where "**the choice of the custodian of minor children is in issue,** and the court has knowledge, from the pleadings or from any other source, that the children in question have been, or are being, abused while in the custody of one claiming the right to be their custodian." *Id.* (emphasis added). The case of *C.J.(S.)R.* led to the adoption of § 452.423. *King v. King*, 793 S.W.2d 200, 203 (Mo.App. W.D.1990). In child custody, dissolution of marriage and legal separation proceedings the choice of custody is in issue and our interpretation of the statute is therefore consistent with the court's holding in *C.J.(S.)R.*

Relator contends, in effect, that a contempt hearing for failure to comply with a visitation order is a child custody proceeding. We disagree. A motion for contempt for failure to abide by a visitation order does not encompass a determination of custody. *Lewis v. Markee*, 771 S.W.2d 928, 931 (Mo.App. E.D.1989). "There is a great difference between **modification** jurisdiction and **enforcement** jurisdiction [applicable to contempt hearings]. Modification jurisdiction involves holding an evidentiary hearing to determine a change in circumstances and best interests of the child, whereas enforcement jurisdiction is limited to determining whether a custody order was valid when entered and can be enforced." *Id.*

---

2. It is the allegation of abuse, not proof of the same, which mandates the appointment of a GAL. *Frazier v. Frazier*, 845 S.W.2d 130, 131–32 (Mo.App.W.D.1993).

Appointment of a GAL is for the benefit of the child. *Lechner v. Whitesell,* 811 S.W.2d 859, 861 (Mo.App.S.D.1991). The best interests of the child are not at issue in a contempt hearing for failure to abide by a custody order. In a contempt hearing, the court considers whether the custodial parent complied with the visitation order. *Id.* The court also determines, before holding the parent in contempt, if the failure to comply was without good cause. *S.G. v. V.G.,* 824 S.W.2d 109, 110 (Mo.App.E.D.1992). The focus of a contempt hearing is whether the parent without good cause failed to comply with the visitation order not if the custody order should be modified. Because custody is not at issue in a contempt hearing[3] the appointment of a GAL would serve no useful purpose. The trial court did not err by not appointing a GAL for the contempt hearing.

The preliminary order in prohibition is quashed.

CRAHAN, J., concurs.

CRANDALL, J., dissents in separate opinion.

CRANDALL, Judge, dissenting.

I dissent.

The statute in question is simple and straightforward. It requires the appointment of a guardian ad litem in any proceeding in which child abuse or neglect is alleged. The intent of the statute is to protect the child. As such, it should be broadly construed to achieve that purpose. An allegation that husband hit his child with a shoe is clearly sufficient to put the trial court on notice that child abuse *may* have occurred. At that point, the statute mandates the appointment of a guardian. Here, the parties are adults who have attorneys to speak for them and to protect their interests. The statute directs that a guardian should be appointed to speak for the child and to protect her interests.

The trial court acted without jurisdiction when it failed to comply with the statute. I

would therefore make the preliminary order in prohibition absolute.

---

3. The proper remedy to revise a custody order is to file a motion to modify. *A.G. v. R.M.D.,* 730 S.W.2d 543, 546–47 (Mo. banc 1987). During oral argument, counsel stated that subsequent to the contempt hearing relator filed a motion to modify. If relator sufficiently alleged abuse in her motion to modify then a GAL must be appointed. *Renfro,* 817 S.W.2d at 593.