

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

JOAN P. BIALCZAK,          )        No. ED103315

         Respondent,          )

vs.                      )        Appeal from the Circuit Court
                           )        of St. Louis County
                           )        10SL-DR06490-01

KENNETH J. BIALCZAK,       )        Honorable Douglas R. Beach

         Appellant.           )        FILED:  June 30, 2016

## OPINION

Kenneth J. Bialczak (Father) appeals from the judgment modifying a decree of dissolution originally entered on May 24, 2013.  On May 11, 2015, the trial court entered its order granting in part and denying in part the parties' motions to modify the original decree.  On July 28, 2015, the trial court entered its "Judgment/Ruling on Post-Trial Motions" modifying in part and affirming in part the modification judgment entered on May 11, 2015.  We affirm in part and reverse in part.

## Factual and Procedural Background

The marriage of Joan P. Bialczak (Mother) and Father was dissolved on May 24, 2013.  The judgment of dissolution incorporated a separation agreement and parenting plan, both of which were agreed to by the parties.  The parenting plan awarded sole legal custody of the parties' two children to Mother and awarded joint physical custody to the parties.

In March 2014, Father filed motions to modify custody of the parties' two children, Brooke and Jack, as well as a motion to set aside or declare unenforceable provisions relating to the guardianship of Brooke. Mother filed a counter-motion to modify custody. Mother also filed a motion for civil contempt and a motion to determine amounts due.

On May 11, 2015, after several days of trial, the trial court entered its modification judgment in which it ordered that Mother continue to exercise sole legal custody of Brooke, that the parties exercise joint legal custody of Jack, and it put a revised parenting schedule into place. The modification judgment also ordered Father to pay Mother $321 per month for Brooke's support. The trial court ordered therapy for Mother and the two children, to be paid for 80% by Father and 20% by Mother. Further, the trial court ordered that if Father was found to have interfered with therapy or to have taken no action to get the children to therapy, he would be assessed a fine of $250.00 for each session missed.

The trial court further found: "The credible evidence is that [Father] has purposefully received or hidden assets from which fees could be assessed. He has the ability to earn substantially more than he draws and he has significant loss carry forwards that would mean near to no taxes in the past few years and in the near future." The trial court ordered Father to pay $45,000.00 towards Mother's attorneys' fees.

Both parties filed post-trial motions and the trial court timely ruled on them, denying the majority of the parties' requests. On July 28, 2015, the trial court entered its amended order setting aside its ruling holding Father in contempt and modifying the parenting plan. This appeal follows.

2

<u>Standard of Review</u>

The trial court's judgment will be affirmed unless it is unsupported by substantial evidence, is against the weight of the evidence, or erroneously declares or erroneously applies the law. <u>Murphy v. Carron</u>, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court is free to believe or disbelieve all, part, or none of the testimony of any witness. <u>In re Marriage of Taylor</u>, 244 S.W.3d 804, 808 (Mo. App. S.D. 2008). We view the evidence in the light most favorable to the decree, disregard evidence to the contrary, and defer to the trial court even if the evidence could support a different conclusion. <u>Sweet v. Sweet</u>, 154 S.W.3d 499, 503-04 (Mo. App. W.D. 2005).

We review the trial court's decision for an abuse of discretion. <u>Schuh v. Schuh</u>, 271 S.W.3d 35, 37 (Mo. App. E.D. 2008). An abuse of discretion will be found only where the award is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. <u>Sweet</u>, 154 S.W.3d at 504.

<u>Discussion</u>

Father raises five points on appeal. This opinion addresses only Point IV; Points I, II, III and V are addressed in a separate unpublished opinion.

In Point IV, Father argues the trial court erred in pre-determining a fine assessed against him "if the children are found to be in his custody during Mother's visitation time or if the children do not attend therapy," as such a fine violates the statutory provisions of Section 452.400.6 RSMo 2000[1] because the trial court ordered a fine in excess of the statutory maximum and before determining that the violation occurred "without good cause." We agree.

_____

[1] Unless otherwise indicated, all further statutory references are to RSMo 2000 as amended.

3

Here, the trial court ordered that a fine be assessed against Father in the amount of $250.00 for each therapy session missed if Father does not see that the children attend such therapy if they are with him or if he is found to interfere with therapy. The trial court imposed a fine of $250.00 per day in the event that either child is in Father's custody during Mother's custodial time, unless there is a written agreement of Mother.

Under Missouri law, if the trial court finds that its order of custody, visitation or support has not been complied with, for good cause, the court may order a variety of remedies, which include compensatory visitation, counseling, assessment of a fine up to $500.00, or a requirement to post bond. Section 452.400.6 (1)-(5). However, only after there is a finding that the violation occurred without good cause does the trial court have authority to consider the various remedies. Section 452.600.6; S.G. v. V.G., 824 S.W. 2d 109 110 (Mo. App. E.D. 1992). In other words, in order to hold a parent in contempt, the trial court must first find an absence of good cause shown for failure to comply. S.G., 824 S.W. 2d at 110.

Here, contrary to Missouri law, the trial court pre-determined a fine. The judgment provides that if these events occur, the fine should be prefixed, and are based on each occurrence, which is $250.00 per act. While the trial court amended the modification judgment to state that "it is not the order that evidence would not be necessary to prove up each occurrence prior to any determination of an amount due," this amendment fails to remedy the original error that deprives Father of his statutory defense of "good cause," as required by the statute. Section 452.400.6. Point IV is granted.

### Conclusion

The provisions of the amended judgment relating to the contempt fines are prospectively applied and violate the statutory provisions of Section 452.400.6. Consequently, Father's Point

4

IV is granted and the corresponding portion of the amended judgment is voided.  In all other respects, we affirm the judgment in a separate unpublished opinion.

_____
Mary K. Hoff, Judge


Robert G. Dowd, Jr., Presiding Judge and Roy L. Richter, Judge, concur.