**David Ray HOUGH, Respondent,**

v.

**Katherine L. HOUGH, Appellant.**

**No. WD 42582.**

Missouri Court of Appeals,
Western District.

July 10, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 28, 1990.

Cenobio Lozano, Jr., Harrisonville, for appellant.

John Logan Pursley, Butler, for respondent.

Before NUGENT, C.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant, Katherine Hough (now Johnson) appeals from an order modifying the decree of dissolution of her marriage to David Hough. The order transferred custody of the parties' two minor daughters to David Hough.

The marriage between Katherine Johnson and David Hough was dissolved on May 2, 1983. Pursuant to the dissolution decree, custody of the daughters, Melanie Hough, born September 23, 1976, and Kathy Hough, born June 4, 1981, was awarded to Katherine and David was ordered to pay child support.

On March 6, 1989, David filed a Motion to Modify, seeking a change of custody and termination of his child support obligation. David also filed a motion for temporary custody which was denied following a hearing.

On March 22, 1989, the Division of Family Services was ordered to conduct home studies of both parties.

Trial was had on September 13, 1989, on the Motion to Modify. Katherine appeared without counsel and indicated that she desired to represent herself. The trial court, finding substantial and continuing changes in circumstances, such that the best interest of the children would be served, transferred custody to David.

On appeal, Katherine presents two points. As point one is dispositive, it will not be necessary to address point two or to engage in a discussion of the merits.

In point one, Katherine alleges that the trial court erred by failing to appoint a guardian ad litem as such appointment is mandatory, where, as here, neglect is alleged. This court agrees.

The relevant statutory provision is § 452.423.1, RSMo Cumm.Supp.1989. This section requires that a guardian ad litem be appointed to represent the child in proceedings for child custody where custody, visitation or support of a child is a contested issue and there is an allegation of child abuse or neglect. The statute mandates in pertinent part:

The court *shall* appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged. (Emphasis added)

David argues in response that the Motion to Modify did not allege "neglect" within the meaning of § 452.423. In the Motion to Modify, David alleged eleven changes in circumstances in support of his position. One of the allegations charged the following:

i. [Katherine] neglects the health of the minor children and has endangered the health of the minor children by encouraging and permitting irresponsible use of medications.

David attempts to distinguish this allegation, arguing that his Motion to Modify did not allege neglect within the meaning of § 452.423. Although that section contains no definition of the term "neglect", what is encompassed by that term can be gleaned from the manner in which it is defined in another statutory section pertaining to child protection. For example, Chapter 210, which deals with taking abused and neglected children into protective custody defines "neglect" as:

failure to provide, by those responsible for the care, custody, and control of the child, the proper or necessary support, education as required by law, nutrition or medical, surgical, or any other care necessary for his well-being. § 210.110(5), RSMo 1986.

**254**

Additionally, in the case of *In re C F B*, 497 S.W.2d 831, 835 (Mo.App.1973), this court, although under different factual circumstances than those presented herein, discussed what constitutes "neglect", finding it not to be a term having a fixed and rigid meaning. This court stated that, " '[n]eglect, as a concept, permits of no certainty, and protection from vagueness must be found in the wisdom of judges rather than the detail of statute.' " *Id.* (citations omitted). Also, this court noted that, "[c]ertainly, the concept of 'neglect', does cover a situation where a parent fails and refuses to offer a child necessary medical attention." *Id.*

David's argument is not well taken. He seems to acknowledge that his Motion to Modify alleged neglect, but turns around and argues that is not what he meant. Read together, the allegations contained in the Motion to Modify are within the contemplation of the term neglect as that term is used in § 452.423.1, RSMo Cumm.Supp. 1989.

It is the overriding duty of the court to serve the best interest of the child. There can be no doubt that the legislature intended to promote that goal by enacting § 452.423.1, RSMo Cumm.Supp.1989, which mandates the appointment of a guardian ad litem in cases such as the one herein presented, where neglect is alleged.

The cause is reversed and remanded specifically for new trial. The trial court is directed to appoint a guardian ad litem to ensure that the best interests of the children have been adequately represented.

All concur.