Joseph Michael FRAZIER, Appellant,

v.

Tara Jeanette FRAZIER, Respondent.

No. WD 45899.

Missouri Court of Appeals,
Western District.

Jan. 19, 1993.

Teri Gonder, Columbia, for appellant.

Joseph D. Holt, Fulton, for respondent.

Before BRECKENRIDGE, P.J., and
SHANGLER and KENNEDY, JJ.

KENNEDY, Judge.

Husband appeals from that part of dissolution decree of the trial court which awarded custody of two minor children to wife and fixed child support payable by husband to wife at $365 per month per child. Husband appeals from the decree with the following complaints: (1) that the trial court had not appointed a guardian ad litem for the children; (2) that the trial court erred in awarding custody of the children to wife and not to husband; and (3) that the trial court erred in awarding custody of the children to wife and not to husband and wife in joint custody.

The two children were boys, born respectively on May 30, 1985 and November 10, 1986. Their temporary custody had been granted to husband during the pendency of the dissolution case.

First, did the court err in failing to appoint a guardian ad litem to represent the boys in the dissolution proceeding? Neither party requested the appointment of a guardian ad litem, but husband contends on appeal that the court sua sponte should have made such appointment. He bases his argument upon Section 452.423.1 RSMo Supp.1991, which says:

In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. *The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged.* (Emphasis supplied.)

█ It is to be noticed that it is the allegation of abuse or neglect of a child which calls for the appointment of a guardian ad litem, not proof of the same. *McCormick v. McCormick,* 807 S.W.2d 556 (Mo.App.1991). Husband says a motion filed by wife during the pendency of the proceeding contained an allegation of neglect which required the trial court to appoint a guardian ad litem. Wife's motion followed the court's pendente lite order awarding custody of the boys to husband. The motion was entitled "Request for Rehearing on Order of Custody." It alleged the two children were playing in a garage, unsupervised, at the home of a third child, when the four-year-old Nathan suffered an accident in which his right index finger was "almost amputated." The child underwent surgery at a hospital emergency room. Husband absented himself for an hour during the surgery, leaving respondent there by herself. The accident, it was alleged, resulted from husband's lack of supervision, which was described as "gross negligence" on husband's part. It was further alleged husband's leaving the hospital was "gross carelessness."

There was no evidentiary hearing on the "Request for Rehearing on Order of Custody."

Were the allegations of the motion sufficient to require the appointment of a guardian ad litem for the child? Wife on this appeal minimizes the alleged neglect, characterizing it as a play accident of the sort that children may be expected to have. During the pendency of the trial, though, the accident furnished the basis for her motion to remove the children from husband's custody. Husband's lack of supervision of the children was characterized as "gross negligence," and his absenting himself from the hospital as "gross carelessness." The motion alleged that the husband's failure to supervise the children was "demonstrative of (husband's) lack of ability to provide the necessary care, supervision and custody of the child." There was, as noted, no evidentiary hearing on the motion for rehearing on the pendente lite order of custody, but wife's testimony on the trial of the case stressed the incident as indicating husband's inadequacy as a custodial parent.

█ For the term "neglect" as used in Section 452.423.1 RSMo Supp.1991, the cases have adopted the definition of Section 210.110(5) RSMo 1986. *Renfro v. Fehrmann,* 817 S.W.2d 592, 594 (Mo.App.1991); *Osmun v. Osmun,* 842 S.W.2d 932, 935 (Mo.App.1992). "Neglect" by that definition includes "failure to provide ... the proper or necessary support, education as

required by law, nutrition or medical, surgical, or any other care necessary for [the child's] well-being[.]" It will scarcely be argued that, for a child of four years of age, supervision is "care necessary for his well-being."

Our cases have emphasized the mandatory nature of the last sentence of section 452.423.1. *Leonard v. Leonard,* 783 S.W.2d 514 (Mo.App.1990), *Hough v. Hough,* 794 S.W.2d 252 (Mo.App.1990). The appointment of a guardian ad litem for a child or children alleged to have been neglected or abused may not be waived by husband or wife, for the rights of the children are involved. The philosophy of the statute is that the children, where abuse or neglect is alleged, have rights independent of either of the parents, which are entitled to representation. The term "neglect," the allegation of which calls for the appointment of a guardian ad litem, has not been narrowly defined by our cases. *See In re C.F.B.,* 497 S.W.2d 831, 834 (Mo.App.1973), *Hough v. Hough,* 794 S.W.2d 252 (Mo.App. 1990). This motion, not having been called up for hearing, would under the usual rule be considered as waived or abandoned. *Vermillion v. Burlington Northern R. Co.,* 813 S.W.2d 947 (Mo.App.1991). The intent of section 452.423.1, however, is that the mere allegation of child abuse or neglect activates the duty to appoint a guardian ad litem, whether the motion—if the allegation appears in a motion—is called up for hearing or not.

Upon trial of the case, the court, on the basis of the evidence of the incident as it developed, might well have believed the father's lack of immediate supervision of the child did not amount to neglect. But the statute requires the appointment of a guardian ad litem for the children when the *allegation* of neglect or abuse is made. The court may not wait till the evidence comes in, without any guardian ad litem for the children, and then decide whether the allegation of neglect is supported by the evidence. It is just at that point (i.e., at the point of trial) that the guardian ad litem for the children may make the difference. The children from the time the allegation of neglect or abuse is made have a right to independent representation, with the right to introduce evidence and to make argument in their own behalf. A guardian ad litem becomes, in a sense, an indispensable party, although that analogy may not be carried to the ultimate.

We have considered the curious situation presented by this case where it is the father, alleged to have been guilty of neglect, who denies any neglect and yet on this appeal—having lost the custody of the children to the mother—claims a guardian ad litem should have been appointed because of mother's allegation of neglect. Mother's posture, also, has changed from trial to appeal. On the trial, she took the position the neglect was significant. On appeal, she argues it was insignificant. The inconsistency of the trial and appeal positions of the respective parties, though, makes no difference. We are dealing with the children's rights.

Neither does it make any difference that the alleged neglecting parent did not get custody of the children. We are unable to know what part wife's testimony of husband's neglect played in the court's decision with respect to custody of the children. Section 452.423.1 recognizes the children's interest, not only in being protected from the neglect or abuse of a parent, but also in not having their custody withheld from a parent because of false or unsupported allegations of neglect or abuse.

Judgment reversed and cause remanded for new trial with respect to custody of children after appointment of guardian ad litem for children.

All concur.