Sandra L. WHITE, Respondent,

v.

Rodney P. WHITE, Jr., Appellant.

No. 70731.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 9, 1997.

---

Lee R. Elliot, Troy, for appellant.

Timothy M. Joyce, Warrenton, for respondent.

CRANDALL, Judge.

Rodney P. White, Jr. ("Husband") appeals from a judgment of the trial court dismissing his motion for contempt and modifying a decree of dissolution.[1] We reverse and remand with direction.

On June 2, 1995, the court dissolved the marriage of Husband and Sandra L. White ("Wife"). In accordance with the parties' agreement, the court awarded Husband visitation and temporary custody of the parties' daughter who was born on January 12, 1991. No child support was awarded. On January 8, 1996, Husband filed a "Motion for Sanctions for Contempt of Court." Husband alleged that Wife "consistently failed and refused" to permit him visitation. Wife filed an answer and a cross-motion to modify the dissolution decree. Wife alleged that Husband's health had deteriorated greatly and he is confined to a wheelchair, he was unable to take care of the child, he was incapable of handling the child overnight, on several occasions the child was unable to wake Husband and the child had to call Wife who then called police to go over and wake Husband, on two occasions Husband was taken to the hospital by ambulance and the child was left with Fred Pickens on one occasion and on the other with the paternal grandparents and Wife was never informed, Husband has a severe drinking problem which makes it dangerous for the minor child, and Husband is "allegedly" on anti-depressants and it is apparent that he is severely depressed. Wife also asserted that Husband has income from an annuity that enables him to pay child support and that the costs of caring for the child will increase.

The trial court dismissed Husband's contempt motion, ordered Husband to pay child support, and modified visitation to require

---

1. Husband's brief does not contain a jurisdiction-    al statement in violation of Rule 84.04(a).

the child's paternal grandmother to be present for Husband's visitation.[2] Husband appeals from this judgment.

Although not raised, we address the issue of whether a guardian ad litem should have been appointed. Section 452.423.1, RSMo 1994 provides in part that: "The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged." Even if the parties do not request appointment of a guardian ad litem, the trial court commits error by not appointing a guardian ad litem when abuse or neglect is alleged. *Gilman v. Gilman*, 851 S.W.2d 15, 17 (Mo.App. W.D.1993). For purposes of Section 452.423, neglect is defined as the "failure to provide, by those responsible for the care, custody, and control of the child, the proper or necessary support, education as required by law, nutrition or medical, surgical, or any care necessary for his well-being." *Rombach v. Rombach*, 867 S.W.2d 500, 504 (Mo. banc 1993)(quoting Section 210.110(5), RSMo 1986).

Here, Wife's pleadings allege neglect. Such allegations require the appointment of a guardian ad litem pursuant to Section 452.423.1.

Husband did testify that he was no longer on medication. However, it is the allegation of neglect that gives rise to the appointment. "Even if the trial court is not convinced after receiving all of the evidence that the alleged conduct amounted to neglect, the court may not wait until the end of the trial to see if the evidence supports the allegations before determining whether to appoint a guardian ad litem." *S.K.B. v. J.C.B.*, 867 S.W.2d 651, 656–57 (Mo.App. W.D.1993).

The judgment of the trial court is reversed and the cause remanded with direction to appoint a guardian ad litem for the child before proceeding with the case.[3] Costs on appeal to be shared equally by the parties.

AHRENS, P.J., and KAROHL, J., concur.

---

2. Given our disposition of the appeal, additional recitation of the facts is not necessary.

3. Wife's motion for damages for frivolous appeal is overruled.