Kevin A. LUDVIK, Petitioner/Respondent,

v.

Jessica LUDVIK, Respondent/Appellant.

No. 72897.

Missouri Court of Appeals, Eastern District, Division Two.

June 2, 1998.

Catherine M. Vale, St. Louis, for appellant.

William G. Buchholz II, Clayton, for respondent.

## RHODES RUSSELL, Judge.

Wife appeals from that part of the trial court's judgment and decree of dissolution which awarded custody of the minor child to husband. Among wife's five points of error, she argues that the judgment should be set aside in that husband's allegations in his petition alleging child abuse and neglect mandate the appointment of a guardian ad litem. We reverse.

A son was born of the marriage in 1991. Husband filed a petition in September 1996 seeking dissolution of the marriage alleging abuse and neglect to the son. The court entered a judgment and decree dissolving the marriage, and awarding custody of the minor child to husband. The trial court denied wife's motion to set aside the judgment and she now appeals.

We find wife's first point dispositive and, therefore, do not address the others. She bases her argument in point one upon section 452.423.1 RSMo 1994, which states:

> In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. *The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged.* (Emphasis added.)

Wife asserts that husband's petition for dissolution contained an allegation of abuse and neglect which required the trial court to appoint a guardian ad litem. The petition alleged "[t]hat [wife] has permitted her male friend ... to discipline the minor child ... by spanking him to such an extent that said child is now afraid of Gary Baker and that further [wife] neglects the welfare of said minor child by not providing him with proper clothing and not seeing to his proper hygiene and therefore said minor child is in need of a Guardian Ad Litem."

Husband maintains that these allegations do not rise to the level requiring mandatory appointment of a guardian ad litem under section 452.423.1. Although the terms "abuse" and "neglect" are not defined in chapter 452, Missouri courts have relied on the definitions of those terms in chapter 210 which governs child protection.[1] As defined in that chapter, "neglect" means the "failure to provide ... the proper or necessary support, education as required by law, nutrition or medical, surgical, or any other care necessary for the child's well-being." Section 210.110(8) RSMo 1994. Husband argues that his allegations regarding clothing and hygiene do not fall within this definition because "they do not concern nutrition, medical or surgical needs of the child."

---

1. *See, e.g., Rombach v. Rombach,* 867 S.W.2d 500, 504 (Mo. banc 1993); *S.K.B. v. J.C.B.,* 867 S.W.2d 651, 656 (Mo.App.1993); *Osmun v. Osmun,* 842 S.W.2d 932, 935 (Mo.App.1992).

Husband's contention ignores the clear language of the statute providing that the failure to provide "any other care necessary for the child's well-being" constitutes neglect. Furthermore, the term neglect has not been narrowly defined by Missouri case law. *Frazier v. Frazier,* 845 S.W.2d 130, 132 (Mo.App. 1993). At the time husband filed his petition, the minor child was five years old. It can reasonably be argued that, for a child of five years of age, proper clothing and hygiene are "care necessary for [his] well-being."

However, we need not determine whether husband's allegations of neglect require mandatory appointment of a guardian ad litem because husband's petition also made allegations of abuse. Chapter 210 defines "abuse" as "any physical injury, sexual abuse, or emotional abuse inflicted on a child other than by accidental means by those responsible for the child's care, custody, and control, except that discipline including spanking, administered in a reasonable manner, shall not be construed to be abuse." Section 210.110(1) RSMo 1994.

Husband argues that his petition alleged merely spanking, which is specifically excluded from the definition of abuse. In *McNeely v. McNeely,*[2] the Western District reversed a trial court's judgment modifying a divorce decree because the court had not appointed a guardian ad litem for the minor child. The father's motion to modify alleged "suspected excessive corporeal punishment of the minor child" and "suspected continued inappropriate use of corporeal punishment of the minor child." The court found that these allegations constituted allegations of abuse requiring the mandatory appointment of a guardian ad litem under section 452.423.1.

■ The allegations herein are similar to those in *McNeely.* Although the petition alleges only "spanking," the punishment is alleged to have reached "an extent that [the child] is now afraid of [wife's boyfriend]." In addition, wife's brief on appeal notes that husband considered the spanking of his son so inappropriate that he at one time called

the Division of Family Services to report one such incident.[3]

■ The definition of abuse excludes only spanking "administered in a reasonable manner." Although the reasonableness of the discipline is not clear from the allegations, we must interpret the allegations cautiously in the best interests of the child. We believe that the allegations of abuse herein, like those in *McNeely,* could allege conduct which is not excluded from the definition of abuse.

Case law has emphasized the mandatory nature of the last sentence of section 452.423.1. *Frazier,* 845 S.W.2d at 132; *White v. White,* 952 S.W.2d 320, 322 (Mo. App.1997); *S.K.B. v. J.C.B.,* 867 S.W.2d 651, 656–57 (Mo.App.1993). It is the allegation, not the proof of abuse or neglect, that mandates the guardian ad litem's appointment. *Id.*

■ The circuit court's overriding duty is to serve the best interests of the child. *McNeely,* 935 S.W.2d at 104. The philosophy of the statute is that where abuse or neglect is alleged, the child has rights independent of either of the parents, which are entitled to representation. *Frazier,* 845 S.W.2d at 132. The statute recognizes a child's interest, not only in being protected from the neglect or abuse of a parent, but also in not having custody withheld from a parent because of false or unsupported allegations of neglect or abuse. *Id.* The parents' attorneys were protecting their own clients' interests, not the child's. The purpose of appointing a guardian ad litem is to ensure that the child's best interests are adequately represented and protected. *McNeely,* 935 S.W.2d at 104.

We recognize that we are presented with the unusual situation where wife is accused by husband of abuse and neglect, denies it in her answer, loses custody, and now claims a guardian ad litem should have been appointed because of husband's allegations. Husband's posture, also, has changed since trial where he argued the abuse and neglect were

---

**2.** 935 S.W.2d 103 (Mo.App.1996).

**3.** While wife's answer noted that the Division of Family Services report was attached, it is not

contained in the legal file on appeal. We, therefore, do not have a record of the result of any investigation.

serious. On appeal, he now states they were negligible.

The court in *Frazier* was faced with the same "curious situation" in which the parties had changed positions from trial to appeal. *Frazier*, 845 S.W.2d at 132. The *Frazier* court explained that the inconsistency of the trial and appellate positions of the parties makes no difference because it is the child's rights with which we are concerned. *Id.*

While we acknowledge the potential for abuse inherent in the triggering of the appointment of a guardian ad litem by a simple allegation, we must follow the mandate of the legislature whose intent it was to protect unrepresented children from abuse and neglect. Because the circuit court did not appoint a guardian ad litem in this case, as required by section 452.423.1, we are left with no alternative but to reverse.

We reverse and remand for a new trial with respect to the custody of the minor child after the appointment of a guardian ad litem for the child.

CRANE, P.J., and JAMES R. DOWD, J., concur.