**Jonathan TAYLOR, Respondent,**

v.

**Amanda Kay TAYLOR, Appellant.**

**No. ED 78787.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 18, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 2001.

Application for Transfer Denied Dec. 18, 2001.

---

1. Respondents' motion for sanctions and fees    for frivolous appeal is denied.

Robert V. Krueger, Van Matre & Krueger, L.L.C., Mexico, MO, for Appellant.

Jason H. Lamb, The Seigfreid Law Firm, L.L.C., Penny J. Umstattd–Cope, Mexico, MO, for Respondent.

GARY M. GAERTNER, Sr., Judge.

Appellant, Amanda Kay Taylor ("mother"), appeals from the judgment of the Circuit Court of Audrain County granting primary physical custody of her minor child M.T. ("child") to respondent, Jonathan Taylor ("father"). We reverse and remand.

Child was born out of wedlock to mother and father on February 12, 1999. Mother was seventeen-years old and father was nineteen-years old when child was conceived. Mother and father married on June 5, 1999. Approximately five and one-half months later mother and father separated. On December 7, 1999, father filed a petition for dissolution of marriage in Audrain County Circuit Court. Neither mother nor father made allegations of abuse or neglect of child in their pleadings nor did either party request a guardian ad litem be appointed.

On July 25, 2000, a trial was held before the trial court judge. Father, mother and mother's live-in boyfriend testified at trial.

On direct examination, father admitted that during the course of their separation an adult abuse order of protection was entered against him pursuant to mother's request. On cross-examination, father denied the allegations of abuse in the abuse order but admitted mother "eggs my temper on." However, on re-direct examination father stated he did not contest the order so as to receive visitation rights to child. Pursuant to the abuse order, father was not allowed to communicate with mother. Father was given visitation rights to child every four out of fourteen days and exchanges of child were handled between father's parents and mother.

Father testified that he had noticed cuts and bruises on child. On re-direct, father stated he received child with a "slash across her hand" which father believed "looked like a knife cut her." Father testified mother did not explain the injury when asked. Furthermore, father stated mother, while intoxicated, had driven a vehicle with child as a passenger.

On cross-examination, father testified he received child for a visit with what looked like a cigarette burn underneath child's left arm. Photographs of child's arm were admitted into evidence. Father, an admitted smoker, did not contact a doctor nor contact Division of Family Services. Also, on cross-examination, father admitted that after a visit he returned child to mother with a human bite mark on the back of child's shoulder. Father testified that his nephew inflicted the bite mark while child was in father's care. Father stated he did not inform, nor did he ask a third party to inform, mother of the bite mark on child. Photographs of the bite mark were admitted into evidence.

Mother testified she acquired the abuse order because after the separation father would "yell and scream and throw a very large fit" at the exchanges and father "[ran] off with [child] somewhere" and was late for an exchange. Also, mother testified the abuse order was necessary due to father's previous violence toward her. Mother testified father pushed her around, had pinned her down on a bed, and had punched her face through a pillow. Furthermore, mother stated father, while holding child, had "rip[ped]" mother's glasses off her face and crushed them with his hands. Father admitted to crushing mother's glasses but denied the other allegations of abuse. However, father, when cross-examined regarding these incidents, admitted that violence is a result of his temper and anger.

Moreover, mother stated she received child with what appeared to be a cigarette burn, the same cigarette burn father testified about, after child had been to a visit with father. Mother did not contact a doctor nor contact Division of Family Services regarding the burn.

On cross-examination, mother admitted she did not contact a doctor nor contact Division of Family Services regarding the bite mark. Mother admitted she drove a car while intoxicated with child as a passenger. However, mother stated she drove while intoxicated because she had a confrontation with father which resulted in father "punch [ing]" the passenger side window of the vehicle. Child was situated in the passenger seat underneath the window at the time. Mother denied knowing anything about a cut on child's hand, which was testified to by father.

On re-direct examination, mother admitted to drinking a glass full of hydrogen peroxide and water while she was pregnant with child. Mother stated she drank the mixture at the insistence of father who did not want mother to have child.

Mother's live-in boyfriend also testified that mother was currently pregnant with his child and that he and mother planned to marry after the divorce proceedings were finalized.

On September 20, 2000, the trial court awarded joint legal and physical custody of child to mother and father. However, father was awarded primary physical custody of child for approximately nine months of the year. On October 19, 2000, mother filed a motion to set aside judgment, leave to amend pleadings, to appoint a guardian ad litem, and to conduct a new trial with written findings of fact and conclusions of law. On November 14, 2000, after argument, the trial court denied mother's mo-

tion without findings of fact or conclusions of law. Mother appeals.

Mother raises three points on appeal. We find the first point dispositive. Mother contends the trial court erred as a matter of law in failing to appoint a guardian ad litem for child, despite mother and father's allegations of abuse and neglect of child during the hearing. We agree.

■ Section 452.423.1 RSMo 2000,[1] states in pertinent part: "[t]he court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged." The philosophy underlying the statute is that where abuse or neglect is alleged, the child has rights independent of either of the parents, and these rights are entitled to representation. *Ludvik v. Ludvik*, 969 S.W.2d 284, 286 (Mo.App. E.D. 1998). Furthermore, the statute recognizes a child's interest, not only in being protected from abuse or neglect, but also in not having custody withheld from a parent because of false or unsupported allegations of abuse or neglect. *Id.* The guardian ad litem ensures that the child's best interests are represented and protected because the parents' attorneys are protecting their respective clients' interests, and not the child's. *Id.*

■ When abuse or neglect is alleged, even when neither party has asked for a guardian ad litem to be appointed, it is mandatory that the trial court appoint a guardian ad litem to protect the child's interest. *McNeely v. McNeely*, 935 S.W.2d 103, 104 (Mo.App. W.D.1996); *Wilkinson v. DeClue*, 890 S.W.2d 774, 776 (Mo.App. E.D.1995). It is the allegation, not the proof of abuse or neglect, which mandates the appointment of a guardian ad litem by the trial court. *Ludvik*, 969 S.W.2d at 286. The trial court's overriding duty is to serve the best interests of the child. *Id.* In cases of this nature, the trial court shall appoint a guardian ad litem to protect those interests. *See Wilkinson*, 890 S.W.2d at 776 (Mo.App. E.D.1995).

■ In this case, although neither party alleged abuse or neglect in their pleadings or requested a guardian ad litem to be appointed, the record shows that a sufficient level of abuse or neglect was alleged at the hearing to warrant the trial court to *sua sponte* appoint a guardian ad litem. The record reveals that this is a close case; however, the testimony of both parents, taken as a whole, lead to the conclusion a guardian ad litem should have been appointed to protect the best interests of the child. The testimony regarding the abortion attempt, the allegations of abuse during the marriage, the abuse order against father, father's admission as to the crushing of mother's glasses, father's admissions regarding his anger and temper leading to violence, mother's admission as to driving while intoxicated with the child, father's testimony regarding child's cuts and bruises and the "slash" on child's hand, the cigarette burn which neither parent took responsibility for, the bite mark which was inflicted in father's presence, the lack of concern for child's injuries and welfare exhibited by the lack of medical attention or Division of Family Services involvement, along with the overall sense of turmoil which child was exposed, lead to the conclusion the child's best interests were not represented nor protected. Although both parents' interests were being represented, the trial court's primary concern, the best interests of the child, was not represented by the appointment of a guardian ad litem. Failure of the trial court to do so constitutes error. *Id.* at 777.

1. All statutory references to RSMo 2000, unless otherwise noted.

Accordingly, we reverse the judgment of the trial court, and remand for a new custody hearing, with orders that a guardian ad litem for child be appointed to perform his or her duties as described in section 452.423.