Roque M. CASTANEDA, Respondent,

v.

Kelly Renee CASTANEDA, Appellant.

No. WD 62281.

Missouri Court of Appeals,
Western District.

Dec. 16, 2003.

Thomas J. Keedy, Unionville, MO, for Appellant.

Patrick E. Richardson, Kirksville, MO, for Respondent.

Before THOMAS H. NEWTON, P.J., ROBERT G. ULRICH and PATRICIA A. BRECKENRIDGE, JJ.

THOMAS H. NEWTON, Presiding Judge.

This is an appeal from a judgment in a marital dissolution action. The first question presented is whether the husband's allegations of child abuse and/or neglect should have triggered the mandatory appointment of a guardian ad litem to protect the children's interests. The second question presented is whether the trial court should have granted the wife's written motion for a continuance, which she filed *pro se* only one day before trial.

We conclude that the trial court should have appointed a guardian ad litem. Because the trial court failed to do so, we reverse the judgment of the trial court and remand the case for appointment of a guardian ad litem and for a new trial. Accordingly, we need not consider whether the trial court should have granted wife's motion for a continuance.

I. FACTUAL AND PROCEDURAL BACKGROUND

After Mr. Roque M. Castaneda petitioned the trial court to dissolve his marriage to Ms. Kelly Renee Castaneda, he filed a motion for appointment of a guardian ad litem, alleging that his wife had abused and/or neglected the couple's children. He also filed a separate "Motion and Affidavit for Child Custody and Order Excluding Wife from Family Home, Pendente Lite." In this motion, Mr. Castaneda alleged that his wife was "abusing alcohol and drugs while the children are in her custody" and that she had "failed and refused to provide proper supervision for the children and has neglected their care and welfare when in her custody."[1]  For rea-

1. A hearing was held and Mr. Castaneda was granted temporary custody of the children

sons unknown, the trial court never ruled on the motion to appoint a guardian ad litem.

On the day before trial, Ms. Castaneda filed a request for a continuance, contending that she needed more time to prepare and to hire an attorney. On the morning of trial, Ms. Castaneda failed to appear on time and the proceedings began without her. When she later arrived, the trial court informed her that "[w]e are about two-thirds of the way through with this" and that it had overruled her motion for continuance. Ms. Castaneda thereafter participated in the trial *pro se*, by testifying and cross-examining Mr. Castaneda.

Following the trial, the trial court entered a judgment and decree of dissolution of marriage. Among other things, the trial court awarded sole legal and physical custody of the couple's three children to Mr. Castaneda, ordered Ms. Castaneda to pay $423 per month in child support, and divided the property and debts. The trial court did not order maintenance.

Ms. Castaneda raises two points on appeal. In her first point, Ms. Castaneda contends that the trial court erred when it failed to appoint a guardian ad litem, because Mr. Castaneda's allegations of child abuse and/or neglect triggered the mandatory appointment of such a guardian. In her second point, Ms. Castaneda contends that the trial court abused its discretion when it overruled her motion for continuance.

## II. Standard of Review

■ In this court-tried dissolution matter, we review the trial court's judgment under the standard applicable to other court-tried cases. *Eckhoff v. Eckhoff,* 71

S.W.3d 619, 622 (Mo.App. W.D.2002). Accordingly, we will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)).

## III. Legal Analysis

**The Trial Court Should Have Appointed a Guardian Ad Litem to Investigate Mr. Castaneda's Allegations of Abuse and Neglect**

This case is presented in a somewhat unorthodox posture: that is, Ms. Castaneda argues that the trial court erred for failing to appoint a guardian ad litem to investigate her own behavior, while Mr. Castaneda now opposes the appointment of a guardian ad litem whom he originally requested. Because the mandatory appointment of a guardian ad litem is intended to protect the children rather than benefit the parents, Ms. Castaneda does not have standing to advance her own interest in this litigation. *See Rombach v. Rombach,* 867 S.W.2d 500, 502 (Mo. banc 1993). Nonetheless, she does have standing to advance her children's interest in compliance with the statute. *Id.* By allowing her to advance the children's interest in compliance with the statute, we thereby ensure that the children receive the protection that they deserve. *Id.* Accordingly, we address Ms. Castaneda's first point.

By statute, the trial court must appoint a guardian ad litem "in any proceeding in which child abuse or neglect is alleged." § 452.423.1.[2] In this context, the word "abuse" means "any physical injury, sexual

---

and Ms. Castaneda was ordered excluded from the home.

2. Unless otherwise indicated, all statutory references are to the Revised Statutes of Missouri 2000.

abuse, or emotional abuse inflicted on a child other than by accidental means by those responsible for the child's care, custody, and control, except that discipline including spanking, administered in a reasonable manner, shall not be construed to be abuse." § 210.110(1); *Rombach,* 867 S.W.2d at 504 (definitions contained in section 210.110 apply to section 452.423). The word "neglect" means the "failure to provide, by those responsible for the care, custody, and control of the child, the proper or necessary support, education as required by law, nutrition or medical, surgical, or any other care necessary for the child's well-being." § 210.110(9).

▮▮▮ The trigger for mandatory appointment of a guardian is "an allegation of child abuse expressly stated in a pleading and not ... the mere introduction of evidence at trial." *Rombach,* 867 S.W.2d at 503. While the "allegations should be broadly construed, a minimum degree of specificity is required." *State ex rel. Scott v. Goeke,* 864 S.W.2d 411, 414 (Mo.App. E.D.1993).

▮▮▮ Here, Mr. Castaneda's motion for appointment of a guardian ad litem directly alleged that Ms. Castaneda had "abused and/or neglected the children born of the marriage." *Cf. Ledbetter v. Sampson,* 924 S.W.2d 617, 617–18 (Mo.App. S.D.1996) (trial court did not err in failing to appoint guardian ad litem where pleadings did not directly allege abuse or neglect). And his motion for temporary custody specifically alleged that Ms. Castaneda was "abusing alcohol and drugs while the children are in her custody" and that she had "failed and refused to provide proper supervision for the children and has neglected their care and welfare when in her custody." Together, these pleadings were direct and specific enough to trigger the mandatory appointment of a guardian ad litem. *Cf. Johnson v. Johnson,* 812 S.W.2d 176, 177

(Mo.App. W.D.1991) (allegation that mother " 'neglected the physical and mental health of the minor child by allowing the child to be frequently ill' " required appointment of guardian ad litem); *Hough v. Hough,* 794 S.W.2d 252, 253–54 (Mo.App. W.D.1990) (allegation that mother " 'neglects the health of the minor children and has endangered the health of the minor children by encouraging and permitting irresponsible use of medications' " was an allegation of neglect and was specific enough to require appointment of guardian ad litem).

Contrary to Mr. Castaneda's argument, this case is not similar to one involving ambiguous allegations that a child was " 'exposed to conditions which *could* or *would possibly* endanger' " the child. *See Renfro v. Fehrmann,* 817 S.W.2d 592, 594 (Mo.App. W.D.1991). Nor is this case similar to one involving allegations of alcohol abuse unconnected to any direct allegation that the parent abused or neglected the children. *Downing v. Howe,* 60 S.W.3d 646, 650 (Mo.App. S.D.2001). Mr. Castaneda is aware that he clearly and unequivocally declared that his wife abused and/or neglected the children, that she abused alcohol while the children were in her custody, and that she failed to provide proper supervision.

▮▮▮ If the only interest recognized by section 452.423.1 were a child's right to protection from neglect or abuse, we might conclude that the trial court's failure to appoint a guardian ad litem in this case was harmless since the trial court ultimately did not place the children with Ms. Castaneda. But that is not the only interest recognized by section 452.423.1; it also recognizes a child's interest in not having custody withheld from a parent "because of false or unsupported allegations of neglect or abuse." *Frazier v. Frazier,* 845 S.W.2d 130, 132 (Mo.App. W.D.1993).

Therefore, it does not make any difference that the trial court did not award custody to Ms. Castaneda in this case. *Id.* The trial court had a duty to appoint a guardian ad litem.

Accordingly, we reverse the judgment of the trial court and remand the case for appointment of a guardian ad litem, as required by section 452.423.1, and for a new trial. As a result, we need not address Ms. Castaneda's second point.

ROBERT G. ULRICH and PATRICIA BRECKENRIDGE, JJ., concur.