

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| GREGORY A. LANDWEHR, | ) | No. ED100700 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court |
| v. | ) | of Franklin County |
| | ) | |
| JULIE B. LANDWEHR | ) | Hon. Gael Wood |
| | ) | |
| Appellant. | ) | FILED: July 8, 2014 |

Julie Landwehr (Mother) appeals the trial court's judgment modifying a previous joint custody decree and awarding to Greg Landwehr (Father) sole physical and legal custody of the couple's son. Mother asserts that the trial court erred by not appointing a guardian *ad litem*. We affirm.

### Background

The parties' marriage was dissolved in October 2010, and they received joint legal and physical custody of their two children, Daughter (then 17) and Son (then 8). In January 2013, Father filed a motion for modification seeking sole legal and physical custody based on allegations that Mother had become an alcoholic whose impaired judgment posed a danger to the children. As relevant to the issue on appeal, Father's pleadings alleged that Mother's "alcohol and drug abuse has clouded her judgment and makes her an unfit custodian of the parties' children, whom she has neglected." Despite this general allegation of neglect, neither party requested appointment of a GAL, nor did the court appoint one *sua sponte*.

At trial, Father appeared through counsel, and Mother appeared *pro se*. The record suggests that Daughter was in college and emancipated by that time, so the evidence related solely to custody of Son, then 11. Father and Daughter both testified about an incident when Mother arrived at Father's house for a custody exchange (by car) severely intoxicated. Father also adduced evidence that Mother wrecked her car and had her driver's license revoked for driving while intoxicated. Daughter testified that she once smelled marijuana wafting from Mother's bedroom; Mother admitted this but claimed that her boyfriend was the one smoking. Daughter further testified that Mother denied having an alcohol problem and it was in Son's best interest to reside with Father. Finally, Father testified that Son had expressed a desire to reside with Father. Son was sworn in to offer his own testimony, but the court found it unnecessary to proceed.

Based on the foregoing evidence, the trial court awarded Father sole legal and physical custody of Son. Mother was awarded visitation consisting of one week night per week and alternating weekends, with the additional proviso that Mother and her acquaintances remain sober in Son's presence. Mother appeals, asserting that the trial court erred by not appointing a guardian *ad litem* in light of Father's allegation of neglect.

**Standard of Review**

On appeal, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Jansen v. Westrich, 95 S.W.3d 214, 217-18 (Mo. App. 2003), citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). Additional principles governing our review are articulated below as relevant to the analysis.

**Analysis**

Section 452.423.2 states that the trial court *shall* appoint a GAL in any proceeding where abuse or neglect is alleged. Mother cites three cases holding that appointment of a GAL is mandatory when neglect is alleged. In White v. White, the mother's pleadings alleged multiple specific instances when the father was passed out with the child in his care, necessitating intervention by emergency responders and other adults. 952 S.W.2d 320 (Mo. App. E.D. 1997). Though not raised at trial or on appeal, this court *sua sponte* reversed the judgment and remanded the case for appointment of a GAL. Id. at 321. In Taylor v. Taylor, although neither party alleged abuse or neglect in their pleadings, the trial record revealed multiple specific allegations of abuse compelling this court to reverse and remand for appointment of a GAL and a new trial. 60 S.W.3d 652 (Mo. App. E.D. 2001). Finally, in Castandeda v. Castaneda, the appellate court found sufficient specificity in the father's allegation that the mother "was abusing alcohol and drugs while the children are in her custody" and "had failed … to provide proper supervision … and has neglected their care and welfare" so as to necessitate appointment of a GAL and a new trial. 121 S.W.3d 324, 327 (Mo. App. W.D. 2003). Importantly, the Castaneda court cautioned that, "while the allegations should be broadly construed, a minimum degree of specificity is required." Id. Applying the foregoing authorities to the present case, we are not entirely persuaded that Father's vague accusation was sufficiently specific to trigger mandatory appointment under §452.423.2 even when Father filed his motion in January 2013.

Since that time, however, in May 2013, the Supreme Court of Missouri issued its opinion in Soehlke v. Soehlke holding that, in order to compel remand for appointment of a GAL and a new trial, an appellant must demonstrate not only that the trial court's failure to appoint a GAL was an abuse of discretion but also that the absence of a GAL was detrimental to the child's best

3

interests. 398 S.W.3d 10, 18 (Mo. 2013). In Soehlke, the trial court expressly concluded that neither party had alleged abuse or neglect in their pleadings, so a GAL was unnecessary, and the parties agreed. It was only after an adverse ruling that the mother challenged the trial court's conclusion on appeal, arguing that the father's inflammatory accusations were tantamount to charges of abuse and emotional neglect. Although Mr. Soehlke's pleadings did not contain one of the statutory trigger words as Father employed here (*i.e.*, neglect), the Soehlke opinion informs us that this semantic distinction is immaterial, and we defer to the trial court to evaluate the substance of the allegations.

> There is no specific definition of "abuse" and "neglect" as those terms are used in section 452.432.2. . . . Accordingly, the statute leaves the final construction of these terms to the experience and judgment of Missouri's trial courts, in which untold thousands of custody motions are reviewed annually. These courts need no further guidance to be able to distinguish extraordinary allegations that involve real acts of child abuse or neglect from ordinary allegations that—no matter how vitriolic or *ad hominem* they may be—do not indicate that the child has suffered such harm. Under section 452.432.2, the trial court must assess the parties' allegations in the context of their case and in the light of the best interest of the child. If a party challenges the court's conclusion as to whether the allegations were sufficient to mandate the appointment of a guardian, that conclusion will be reviewed only for an abuse of discretion.

Soehlke, 398 S.W.3d at 17-18. An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful consideration. In re Marriage of Hendrix, 183 S.W.3d 582, 587 (Mo. 2006). Guided by these principles, we find no abuse of discretion in the trial court's failure to appoint *sua sponte* a GAL, whether based on Father's pleadings or his evidence at trial, neither of which contained any specific or extraordinary allegation.

Moreover, even had the pleadings or trial record contained sufficient allegations of abuse to warrant the involvement of a GAL under §452.423.2, Soehlke instructs that, in order to compel reversal, Mother must also overcome Rule 84.13(b) (prohibiting reversal where an error

4

doesn't materially affect the outcome) by demonstrating that the court's failure to appoint a GAL was detrimental to Son's best interests.

> [W]hen an appellant seeks a new trial based on a claim that the trial court erred in applying section 452.423.2, Rule 84.13(b) prohibits the appellate court from granting a new trial unless the appellant clearly demonstrates both that the result of the trial court's failure to appoint a guardian was that the child's interest was not adequately protected at trial, and that this resulted in the trial court imposing modifications that were not in the child's best interest

Soehlke, 398 S.W.3d at 15-16. Mother has not satisfied this burden here. She argues that the absence of a GAL left Son unprotected from future neglect or from the harm caused by false allegations, in either case yielding a custody modification that was not in Son's best interests. But neither the record nor the result supports her contention. Father adduced no evidence of neglect at trial and essentially abandoned the issue, focusing instead on Mother's alcoholism and related behavior, regarding which the evidence was uncontested. In other words, there were no false allegations from which Son needed protection. Furthermore, the resulting judgment did not leave Son unprotected from future neglect but, on the contrary, sought to prevent that eventuality. Ultimately, and mindful that our standard of review demands great deference to the trial court in these matters (Noland-Vance v. Vance, 321 S.W.3d 398, 403 (Mo. App. S.D. 2010)), Mother fails to persuade us that the custody modification reached by the court without a GAL's input was adverse to Son's best interests. "The best interest of the child is not merely an important consideration in modification proceedings under §452.410, it is the trial court's central concern." Soehlke, 398 S.W.3d at 15. Our role is to determine whether the record contains sufficient evidence to support the trial court's assessment, accepting all evidence and inferences favorable to the judgment. H.J.I. by J.M.I. v. M.E.C., 961 S.W.2d 108, 115 (Mo. App. W.D. 1998). Here, the record supports a finding that Son's best interests are served in Father's sole

5

custody. As such, the absence of a GAL did not result in material prejudice to Son as required for Mother to receive a new trial under <u>Soehlke</u> and Rule 84.13(b).[1]

**Result**

The trial court's judgment is affirmed.

_Clifford H Ahrens_
CLIFFORD H. AHRENS, Judge

Roy L. Richter, P.J., concurs.
Glenn A. Norton, J., concurs.

---

[1] The present case is factually distinguishable from this court's recent decision in <u>Copling v. Lin Gao</u>, No. ED99554, 2014 WL 1908824 (Mo. App. E.D. May 13, 2014). There, the mother had sought adult and child orders of protection against the father. She pleaded facts relating to domestic violence in her answer to the father's petition and continued to emphasize them in her trial testimony in a manner sufficiently specific to trigger mandatory appointment of a GAL under §452.423.2. Moreover, the absence of a GAL was detrimental to the child's best interests there in that the trial court awarded sole custody to the allegedly abusive father notwithstanding the mother's allegations of domestic violence. The child was prejudiced in that she was deprived of a GAL to investigate those allegations and inform the court's decision accordingly. Here, by contrast, Father's pleadings and trial testimony did not contain concrete factual allegations signaling neglect so as to invoke the statute. Furthermore, the trial court awarded sole custody to Father - not to Mother, at whom the allegations were directed - so there was no prejudice.