Chester Joe Wilmes QUERRY, Respondent,

v.

Stephanie Jean QUERRY, Appellant.

No. WD 74342.

Missouri Court of Appeals, Western District.

Nov. 13, 2012.

Ryan McMillin, Kansas City, MO, for appellant.

Michele Puckett–Burkhead, Cameron, MO, for respondent.

Before JAMES EDWARD WELSH, C.J., MARK D. PFEIFFER, J., and GARY RAVENS, Sp. J.

JAMES EDWARD WELSH, Chief Judge.

Stephanie Jean Querry (Mother) appeals the circuit court's judgment modifying the dissolution decree from her marriage to Chester Joe Wilmes Querry (Father). Mother asserts three points on appeal. First, Mother contends that the circuit court erred in failing to appoint a guardian ad litem pursuant to section 452.423,

RSMo Cum.Supp.2011, claiming that Mother clearly alleged abuse and/or neglect in her motion to modify and, therefore, appointment of a guardian ad litem was mandatory. Second, Mother claims that the circuit court erred in awarding sole physical custody to Father because its statutory findings under section 452.375.2, RSMo Cum.Supp.2011, were against the weight of the evidence and the evidence did not support that the custody change was in the best interests of the children. Third, Mother charges that the court erred in allowing evidence of facts that occurred prior to the dissolution of marriage judgment, contending that section 452.410.1, RSMo 2000, restricts the court's consideration to facts that have arisen since the prior decree. We affirm the circuit court's judgment.

Father and Mother were married October 23, 1999, and their marriage was dissolved on January 7, 2010. Two children, Chase and Gabriel, were born of the marriage on August 12, 2005. When the marriage was dissolved in January of 2010, the court awarded Father and Mother joint legal and joint physical custody of the minor children. Per the court's order, the parties alternated parenting time on a week to week basis, with exchanges occurring every Sunday at 6:00 p.m. No child support was ordered.

On August 4, 2010, approximately seven months after the dissolution, Mother moved to modify the dissolution decree requesting sole legal and sole physical custody of the children as well as child support from Father. Mother alleged that she had "ongoing concerns about the stability of [Father's] mental state, the stability of the environment provided to the minor children while in [Father's] care, and [Father's] ability to care for the minor children in an unsupervised setting." Mother also alleged that Father "returns the minor children to [Mother] with poor hygiene, rashes, and bruises" and that Father was "not capable of providing adequate care and support" for the children when they were in his care. Mother additionally alleged that the parenting plan arrangement of alternating weeks was negatively impacting the children and causing the children great distress and confusion.

At trial, Mother testified that she no longer desired sole legal and sole physical custody of the children and requested joint legal and joint physical custody. She requested a change to the parenting plan that would designate Father's parenting time as every other weekend from Friday at 6:00 p.m. through Sunday at 6:00 p.m. Mother testified that she had no complaints regarding Father's child rearing, that she considered him a good father, and that she was not claiming Father to be unfit or incapable of being a father. Mother admitted to failing to comply with the previous parenting arrangement by purposefully denying Father parenting time and failing to timely provide Father her new address.

On August 22, 2011, the circuit court entered a judgment modifying the dissolution decree. The court awarded joint legal custody to Mother and Father and sole physical custody to Father. Mother was awarded visitation during the school year of every other weekend from Friday at 6:00 p.m. to Sunday at 6:00 p.m. and every Wednesday from 5:00 p.m. to 8:00 p.m. During the summer, Mother was awarded visitation every other week. The court awarded Father $460 in child support per month and issued a $1,500 judgment against Mother for Father's partial attorney fees. Mother appeals.

Review of this case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the circuit

court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* We view the evidence and all permissible inferences in the light most favorable to the judgment and disregard all contrary evidence and inferences. *Bridgeman v. Bridgeman,* 63 S.W.3d 686, 689 (Mo.App.2002). We afford greater deference to the circuit court in child custody cases because we recognize its superior position to assess witness credibility, sincerity, character, and other intangibles that may not be discernible from the record. *Durbin v. Durbin,* 226 S.W.3d 876, 879 (Mo.App.2007).

■ In Mother's first point on appeal, Mother contends that the circuit court erred in failing to appoint a guardian ad litem pursuant to section 452.423 because Mother clearly alleged abuse and/or neglect in her motion to modify the dissolution judgment. We disagree.

■ Section 452.423 mandates appointment of a guardian ad litem when allegations of abuse or neglect are expressly pled. *Barancik v. Meade,* 106 S.W.3d 582, 591 (Mo.App.2003). In some cases, even if abuse or neglect is not alleged in the pleadings, a circuit court must still appoint a guardian if the evidence is such that the pleadings would be amended under Rule 55.33(b) to amount to an allegation of abuse or neglect. *Downard v. Downard,* 292 S.W.3d 345, 348 (Mo.App.2009); *Rombach v. Rombach,* 867 S.W.2d 500, 504 (Mo. banc 1993).

■ Mother raises this issue for the first time on appeal. Issues not preserved are not entitled to review on appeal; however, Rule 30.20 authorizes this Court to review, in its discretion, "plain errors affecting substantial rights … when the court finds that manifest injustice or miscarriage of justice has resulted there-

from." *Id.* Our Supreme Court has established a threshold review to determine if a court should exercise its discretion to entertain a Rule 30.20 review of a claimed plain error. First, we determine whether or not the claimed error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted[.]'" *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995) (quoting Rule 30.20). If not, we should not exercise our discretion to conduct a Rule 30.20 plain error review. If, however, we conclude that we have passed this threshold, we may proceed to review the claim under a two-step process pursuant to Rule 30.20. In the first step, we decide whether plain error has, in fact, occurred. *State v. Baumruk,* 280 S.W.3d 600, 607 (Mo. banc), cert. denied, —— U.S. ——, 130 S.Ct. 144, 175 L.Ed.2d 93 (2009). "All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious and clear." *Id.* (citations and internal quotation marks omitted). In the absence of evident, obvious, and clear error, we should not proceed further with our plain error review. If, however, we find plain error, we must continue to the second step to consider whether or not a miscarriage of justice or manifest injustice will occur if the error is left uncorrected. *Id.* Here we find nothing to justify review and decline to review.

■ "The mandatory appointment of a guardian ad litem pursuant to [section 452.423] is triggered by an allegation of child abuse or neglect expressly stated in a pleading." *Barancik,* 106 S.W.3d at 591. Section 210.110(1), RSMo Cum.Supp.2011, defines "abuse" as "any physical injury, sexual abuse, or emotional abuse inflicted on a child other than by accidental means by those responsible for the child's care,

custody, and control, except that discipline including spanking, administered in a reasonable manner, shall not be construed to be abuse." Section 210.110(12), RSMo Cum.Supp.2011, defines "neglect" as "failure to provide, by those responsible for the care, custody, and control of the child, the proper or necessary support, education as required by law, nutrition or medical, surgical, or any other care necessary for the child's well-being."

Mother pled no express allegations of abuse or neglect such as would have triggered mandatory appointment of a guardian ad litem pursuant to section 452.423. Mother's pleadings—regarding "ongoing concerns" about the stability of Father's mental state, the stability of the children's environment when they are in Father's care, and Father's ability to care for the children in an unsupervised setting—lack specificity with regard to conduct on Father's part that constitutes abuse or neglect. Mother's charges, that Father returns the children to Mother with poor hygiene, rashes, and bruises and that she believes Father incapable of providing adequate care and support to the children, are not express allegations of abuse and neglect. Poor hygiene, rashes, bruises, and Mother's opinion with regard to Father's parental capabilities, without more, do not constitute abuse or neglect. Regarding bruises, Mother does not imply, let alone expressly allege, Father was responsible for the bruises.

██ Further, while the court must still appoint a guardian if the evidence is such that the pleadings would be amended under Rule 55.33(b) to amount to an allegation of abuse or neglect, there is no such evidence here. In opposition to her pleadings, Mother testified at trial that she had no complaints regarding Father's rearing of the children, that she considered him a good father, and that she was not claiming Father to be unfit or incapable of being a father. Likewise, although Mother initially requested sole custody of the children in her pleadings, at trial Mother testified that she desired to share custody with Father. Point one is denied.

██ In Mother's second point on appeal, Mother contends that the circuit court erred in awarding Father sole physical custody of the children and contends that the court's findings under section 452.375.2 were against the weight of the evidence and the evidence did not support that a change in custody was in the best interests of the minor children.

██ Pursuant to 452.410, custody modification from joint to sole custody requires a substantial change in circumstances since the prior decree, of either the child or the child's custodian, and modification must be in the best interests of the child. *Russell v. Russell*, 210 S.W.3d 191, 194 (Mo. banc 2007). Here, Mother disagrees that the court's findings constitute a continuing and substantial change in circumstances such as would warrant the court's custody decision. We note, however, that while the court specified some conditions that it considered constituted a continuing and substantial change which made the prior custody judgment unreasonable, the court stated that the changes included, but were not limited to, the ones noted. Mother made no request under Rule 73.01(c)[1] for findings of fact, and we, therefore, do not limit our review to the voluntary findings of the court in determining whether the record supports its

1. The substance of the Rule herein discussed was found in Rule 73.01(a)(3) prior to a 2000 amendment to the Rule.

award of custody to Father.[2] *Jones v. Jones*, 10 S.W.3d 528, 538 (Mo.App.1999). Pursuant to Rule 73.01(c), "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached," and we will uphold the judgment under any reasonable theory supported by the evidence. *Id.*

■ Mother cannot dispute that there was a substantial change in the circumstances of the children such that modification of the existing custody arrangement was necessary. "Having pleaded and presented evidence of a change in circumstances warranting modification of custody, [Mother] cannot now be heard to complain that there was no change in circumstances." *Bather v. Bather*, 170 S.W.3d 487, 493 (Mo.App.2005). Mother pled in her motion to modify that there were substantial and continuing changed circumstances and that these included that the children were "acting out due to the current parenting plan arrangement of alternating weeks between the [Father] and [Mother]." Mother pled that "this arrangement is negatively impacting the minor children's behavior and the minor children are in need of a more stable schedule to allow them to have a better routine in their daily lives. The constant shifting between [Father] and [Mother] is causing the minor children great distress and confusion." At trial, Mother testified that alternating parenting time weekly was disruptive for the children and involved a lot of "uprooting." Mother recommended a parenting plan to the court that was consistent with addressing those concerns and that eliminated the alternating weeks. Mother's plan provided for the children to reside with her during the week and with Father every other weekend and two weeks during the summer. Father's plan, which the court substantially adopted, provided for the children to reside with him during the weeks when school was in session and reside with Mother every other weekend and on Wednesday evenings. Father recommended alternating weeks during the summer months. Therefore, as both parties pled and argued a substantial change in circumstances since the prior decree that warranted modification of the custody arrangement, the court did not and, perhaps, could not err in finding the same.

Nevertheless, Mother disputes that the court's decision to place sole physical custody with Father was in the best interests of the children. Although Mother now contests the court's decision, at trial Mother testified that she has no complaints with Father's child rearing, that she considers him a good father, and that she does not claim him to be unfit or incapable of being a father. Additional evidence at trial corroborated Mother's testimony regarding Father's parenting.

■ We note, however, that while the court did not err by adopting the parenting plan requested by Father, the plan awards Mother significant periods of custodial time with the children, as it awards her Wednesday evenings, alternating weekends, alternating Spring Breaks, alternating holidays, and alternating weeks

---

2. Additionally, while Mother states in her brief that "because the parties had not agreed to the custodial arrangement, the trial court was obligated to include in its judgment the statutory finding mandated by RSMo Section 452.375.6," we note that Rule 78.07(c) requires that "[i]n all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Mother filed no post trial motions and, therefore, did not preserve this claim.

during the summer. In keeping with our holding in *Clark v. Ingram*, 380 S.W.3d 607, 609 (Mo.App.2012), because Mother was awarded significant periods of custodial time, she is a joint custodian.[3] "It is not necessary to find error or to remand for correction of the decree where we can simply recognize and clarify that [Mother] is a joint physical custodian." *Potts v. Potts*, 303 S.W.3d 177, 186 (Mo.App.2010) (citing Rule 84.14). Consequently, while we deny Point two on the grounds that adopting Father's parenting plan was not against the weight of the evidence, we amend the original judgment to denominate Father and Mother as joint physical custodians of the minor children.[4]

In Mother's third point on appeal, she contends that the circuit court erred by considering evidence, including testimony of facts and the trial transcript from the original dissolution proceeding, because section 452.410.1 requires that the court solely rely on facts that have arisen since the prior decree. Mother contends that the court should not have allowed evidence that Mother testified positively about the father at the previous trial. Mother charges that her prior testimony—that Father was able to care for the children at the time of that prior hearing—does not mean circumstances have not changed. She argues that she pled in her Motion to Modify specific concerns regarding Father's care of the children. Mother's claims have no merit.

At trial, Father's attorney asked the court to consider evidence from the dissolution transcript, contending that such evidence was relevant to the modification action because it evidenced a pattern of conduct relating to which parent would be most likely to encourage a relationship between the other parent and the children. Upon Mother's objection, the court noted that "[o]bviously, the court will consider only those matters as is important to or relate to the instant action." It does not appear that the transcript was entered as evidence or that portions of the transcript were published on the record. There is no indication that the court read the transcript or considered the previous testimony in its decision on the motion to modify.[5] Nevertheless, even if the court had allowed any improper evidence, we will only reverse if the prejudice resulting from the improper admission is outcome-determinative. *Williams v. Trans States Airlines, Inc.*, 281 S.W.3d 854, 872 (Mo. App.2009). Mother makes no argument that she was prejudiced. While Mother claims the court erred by allowing evi-

---

3. We are cognizant that the trial court may well have intended to communicate to Mother that failure to heed the court's admonition concerning interference with Father's parenting time would not be without consequence.

4. We note that parts of the original judgment reference Mother's parenting time as "visitation." Such designation is consistent with an award of sole physical custody. *See Loumiet v. Loumiet*, 103 S.W.3d 332, 337–38 (Mo.App. 2003). However, as we are amending the judgment to reflect that Mother is a joint custodian, all references to "visitation" in the original judgment should henceforth be considered "custodial periods."

5. In the court's modification judgment, however, the court referenced the prior judgment of the court and quoted the court's prior finding that Father was more likely to allow frequent, continuing, and meaningful contact with the other parent. The court quoted its previous warning to Mother that denying Father contact with the children, as the court found she had done for 67 days, was not acceptable and would not be tolerated in the future. Certainly, section 452.410.1 cannot be read to prohibit the court from considering its previous findings and admonitions, particularly when they, coupled with facts that have arisen since the prior decree, evidence a pattern of conduct that bears on making a determination for the best interest of the children.

dence of her previous positive testimony regarding Father's care of the children, Mother's testimony at the modification hearing was also positive regarding Father's care of the children in direct opposition to her pleadings. In such a case, no prejudice is possible. Point three is denied.

We, therefore, conclude that the court did not err in failing to appoint a guardian ad litem. Mother pled no express allegations of abuse or neglect such as would have triggered mandatory appointment of a guardian ad litem pursuant to section 452.423. Further, the court did not err in changing the custodial periods awarded each parent. Both parties agreed that there were substantial and continuing changed circumstances that warranted modification of the parenting schedule. Finally, there is no indication that the court considered the original trial transcript concerning Mother's previous positive testimony regarding Father and even if the trial court did, it was not prejudicial. We affirm the circuit court's judgment with the exception that Mother be denominated as joint custodian and Mother's time with the children be referred to as custodial periods.

All concur.