

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | |
|---|---|
| JULIE ANN RENO, ) | |
| ) | |
| Respondent, ) | |
| ) | WD77923 |
| v. ) | |
| ) | OPINION FILED: |
| ) | May 26, 2015 |
| JASON C. RENO, ) | |
| ) | |
| Appellant. ) | |

**Appeal from the Circuit Court of Pettis County, Missouri**
**The Honorable R. Paul Beard, Judge**

**Before Division One:** James Edward Welsh, Presiding Judge, and
Thomas H. Newton and Karen King Mitchell, Judges

Jason Reno ("Father") appeals from the trial court's modification of the custody and visitation of his children with Julie Miner, formerly Julie Reno ("Mother"). Finding no error, we affirm.

## Facts

Father and Mother were married in 2004 and divorced in 2011. In the judgment of dissolution, the trial court awarded sole legal custody of the children to Mother, with the parties sharing joint physical custody as set forth in a parenting plan. Mother subsequently notified Father of her intent to move the parties' two minor children to California, where Mother's new

husband would be stationed in the military. Father timely objected, and sought an order preventing the relocation. Mother filed an answer, along with a motion to modify custody, and sought an order holding Father in contempt.

Father filed a motion requesting that the court appoint a guardian ad litem, arguing that Mother had made allegations that Father had abused or neglected the children. Following a hearing on the motion, the trial court denied Father's motion.

Following a three-day trial, the court granted Mother full legal and physical custody of the children, with Father receiving supervised visitation, and it overruled Father's objection to Mother moving the children to California. Father filed a motion for new trial, arguing that the court should have appointed a guardian ad litem because Father and Mother had both made allegations that the other had abused the children, and because Father had offered evidence of Mother's abuse at trial. The court denied the motion, finding that none of Father's pleadings had alleged abuse on the part of Mother, and that, while Mother had "alleged much ornery behavior by" Father, such allegations did not constitute abuse or neglect. The court also found that Father had not produced evidence at trial that Mother had abused or neglected the children. Father appeals.

**Standard of Review**

"When reviewing a judgment of modification, [an appellate c]ourt will affirm if the trial court's findings are supported by substantial evidence, are not against the weight of the evidence, and the judgment does not erroneously declare or apply the law." *Soehlke v. Soehlke*, 398 S.W.3d 10, 16 (Mo. banc 2013). Additional principles governing our review are articulated below as relevant to the analysis.

2

**Analysis**

In his sole point, Father argues that the trial court committed reversible error in not appointing a guardian ad litem, either before trial due to the parties' allegations of abuse, or at trial because Father adduced evidence, which, if believed, showed that Mother abused the children.

**A. Requirement for a guardian ad litem in child custody proceedings**

"In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem." § 452.423.1.[1] "The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged." § 452.423.2. "[T]he mandatory appointment of a guardian ad litem pursuant to § 452.423.[2] is triggered only by an allegation of child abuse expressly stated in a pleading and not by the mere introduction of evidence at trial." *Rombach v. Rombach*, 867 S.W.2d 500, 503 (Mo. banc 1993). "However, because of the importance of protecting children from abuse or neglect, 'if sufficient evidence [is offered at trial] that, if believed, shows actual abuse or neglect occurred, the court, either upon motion of a party or *sua sponte*, should order the pleadings amended to conform to the evidence [pursuant to Rule 55.33(b)] and appoint a guardian ad litem . . . .'" *Soehlke*, 398 S.W.3d at 15 (quoting *Rombach*, 867 S.W.2d at 504). We will reverse if the trial court abuses its discretion in not appointing a guardian ad litem and "the absence of a [guardian ad litem] was detrimental to the child's best interests." *Landwehr v. Landwehr*, 442 S.W.3d 139, 141 (Mo. App. E.D. 2014).

---

[1] All statutory citations are to the Revised Statutes of Missouri 2000, as updated through the 2011 Cumulative Supplement, unless otherwise noted.

3

**B. Abuse and neglect**

"There is no specific definition of 'abuse' and 'neglect' as those terms are used in section" 452.423.2. *Soehlke*, 398 S.W.3d at 17. "The definitions of 'abuse' and 'neglect' in sections 210.110(1) and 210.110(5) may offer insight in some cases, but those definitions are **not** controlling in the construction or application of section" 452.423.2. *Id*. (internal citation omitted). "Accordingly, the statute leaves the final construction of these terms to the experience and judgment of Missouri's trial courts, in which untold thousands of custody motions are reviewed annually." *Id*. "These courts need no further guidance to be able to distinguish extraordinary allegations that involve real acts of child abuse or neglect from ordinary allegations that—no matter how vitriolic or *ad hominem* they may be—do not indicate that the child has suffered such harm." *Id*.

**C. Neither party pled abuse or neglect.**

We turn first to whether either party's pleading sufficiently alleges abuse or neglect. "The trigger for mandatory appointment of a guardian is 'an allegation of child abuse expressly stated in a pleading . . . .'" *Castaneda v. Castaneda*, 121 S.W.3d 324, 327 (Mo. App. W.D. 2003) (quoting *Rombach*, 867 S.W.2d at 503). "While the 'allegations should be broadly construed, a minimum degree of specificity is required.'" *Id*. (quoting *State ex rel. Scott v. Goeke*, 864 S.W.2d 411, 414 (Mo. App. E.D. 1993)). Because "the trial court's conclusions regarding the application of section 452.423.2 involve only a review of the pleadings, with no factual findings . . . , [an appellate court] will review those conclusions only for an abuse of discretion." *Soehlke*, 398 S.W.3d at 16.

While Father argues that he "made extensive allegations of emotional abuse of the children by Mother," he is able to point to only two specific allegations. Neither rises to the

4

level of abuse. Father first claims that he "made allegations of Mother's repeatedly and extensively yelling and screaming at the children." This is an overstatement of the allegation; but more importantly, the allegation only references conduct that allegedly occurred *during the marriage*, and does not include any present claim of abuse or neglect.

Father next claims that he alleged that Mother "us[ed] profanity and slurs [directed at the children], resulting in [the children] having panic attacks." Father again misstates the record, which does not support the claim that Father alleged that Mother directed slurs and profanity at the children. And again, the pleading refers only to alleged conduct that occurred during the marriage and does not involve a claim of present abuse.

The trial court had the opportunity to hear all available evidence about both Mother's and Father's conduct during the marriage in the prior dissolution proceeding, and it awarded custody accordingly. Father does not make any attempt to argue why such prior alleged conduct is relevant to this modification proceeding, especially absent any allegation whatsoever that the conduct is ongoing. Where alleged abuse "occurred prior to the dissolution of the marriage . . . [Husband] should have raised this issue during the dissolution proceeding and not" at a subsequent proceeding. *Scott*, 864 S.W.2d at 413.

The remainder of Father's purported allegations of abuse contained in his pleadings are nothing more than vague generalizations, lacking any specificity whatsoever. *Querry v. Querry*, 382 S.W.3d 922, 927 (Mo. App. W.D. 2012) (General allegations of concerns about the parent's "ability to care for the children in an unsupervised setting . . . lack specificity with regard to conduct . . . that constitutes abuse or neglect.").

Father also points to two statements in Mother's motion that he claims accused Father of abuse.[2] First, Father points to Mother's statement that Father "makes accusations that [Mother] is inappropriately touching" one of the children. This accusation is listed, among many others, as an example of how Father harasses and abuses *Mother*—by making unsubstantiated allegations. It cannot conceivably be read, as Father attempts to argue, as Mother accusing herself of sexually abusing the children.

Finally, Father points to Mother's statement that Father's "mother has struck [one of the children] while in [Father's] care." While this allegation is certainly meant to cast doubt upon Father's parenting skills, it mentions a single incident without any indication of the severity of the strike or any assertion that the child was injured in any way, that the conduct happened more than once, that Father was even present during the incident, or that Father responded inappropriately to the alleged strike. The trial court did not abuse its discretion in determining that a claim that a third party once struck a child, without more, does not state a claim of parental abuse. *See, e.g.,* § 210.110(1) ("discipline including spanking, administered in a reasonable manner, shall not be construed to be abuse"); *Valentine v. Valentine*, 400 S.W.3d 14, 29 (Mo. App. E.D. 2013) (Allegations that parent "'would administer beatings and spankings' or 'was quick to administer spankings' . . . without more, do not necessarily constitute abuse" sufficient to require appointment of a guardian ad litem.).

"To justify a custody modification, section 452.410.1 requires the movant to show that 'the modification is necessary to serve the best interests of the child.'" *Soehlke*, 398 S.W.3d at 17. "Therefore, motions to modify must allege facts showing that the status quo is ***not*** in the

---

[2] Parents have standing to challenge the failure to appoint a guardian ad litem, even when the parent's own abuse is alleged, because "[i]f we do not give parents standing to raise this issue, the interests of our children may not receive the protection they deserve." *Rombach v. Rombach*, 867 S.W.2d 500, 502 (Mo. banc 1993).

child's best interest." *Id*. "Because a movant nearly always alleges (directly or indirectly) that the respondent parent either caused or exacerbated the status quo . . . , every motion can be construed as having alleged—at least implicitly—that the respondent parent is not acting in the child's best interest." *Id*. "Under [Father's] reasoning, however, such allegations necessarily 'amount to' allegations of 'abuse or neglect' and, therefore, trial courts would be obliged to appoint guardians *sua sponte* under section 452.423.2 in virtually every modification." *Id*. "This clearly is not what the statute intends." *Id*.

The trial court did not abuse its discretion in finding that neither party pled abuse or neglect sufficient to necessitate the appointment of a guardian ad litem.

### D. There was no evidence of abuse or neglect.

Father next argues that, because he presented evidence of Mother's abuse at trial, the trial court erred in not, *sua sponte*, appointing a guardian ad litem. Father has neglected to file a transcript of the proceedings, rendering review of his claim impossible. "Rule 81.12 specifies the record which must be provided by an appellant on appeal and imposes upon an appellant the duty to file the transcript and prepare a legal file so that the record contains all evidence necessary to make determinations on the issues raised." *Carter v. State*, 253 S.W.3d 580, 582 (Mo. App. S.D. 2008). "'It is the duty of an appellant to furnish a transcript containing a record of proceedings which he desires to have reviewed. In the absence of such record there is nothing for the appellate court to decide.'" *Milone v. Duncan*, 245 S.W.3d 297, 301 (Mo. App. W.D. 2008) (quoting *Cooper v. Gen. Standard, Inc.*, 674 S.W.2d 117, 122 (Mo. App. W.D. 1984)). "Because [Father] has failed to file a transcript of the hearings in the . . . proceedings, this Court has no way to determine whether the trial court did in fact err in its judgments." *Dressel v. Dressel*, 221 S.W.3d 475, 477 (Mo. App. E.D. 2007).

Father argues that, despite his failure to file a transcript, there is sufficient record to review his claims because the trial court specifically found that Father had abused the children, and because its judgment "summarized Father's testimony with so much specificity." Even if findings in a judgment could provide a sufficient basis for appellate review, the Judgment in this case does not support Father's claim.

Father first claims that two findings within the Judgment show that the trial court found that Father had abused the children. The first finding stated that Father "has placed the children in danger" by apparently encouraging them to run across the exit lanes of a fast food restaurant parking lot to see Father, by not allowing one of the children to wear his glasses, by allowing a child to "use a loaded bb gun in an unsafe manner," and by encouraging the children to run on slippery pavement at the pool. The second finding indicates that the judgment "takes into account all issues of . . . prior physical and mental abuse by" Father and "protects [Mother] from further abuse and the children from emotional injury."

Neither of these findings shows that the trial court found Father had committed abuse or neglect. While the first finding shows that the trial court believed that Father, at times, did not act as a good parent, it does not indicate either any physical or emotional abuse or the failure to provide basic care for the children. § 210.110(1) ("abuse" is "any physical injury, sexual abuse, or emotional abuse"); § 210.110(12) ("Neglect" is the "failure to provide . . . the proper or necessary support, education as required by law, nutrition or medical, surgical, or any other care necessary for the child's well-being"). The second finding's reference to "protect[ing Mother] from *further* abuse and the children from emotional injury," shows simply a belief that Father has shown a pattern of attempting to harm *Mother*, and that this could eventually also injure the children emotionally, but that the children, to this point, have not been abused or harmed. This

8

finding does not mandate appointment of a guardian ad litem. *See In re Marriage of Bertz*, 856 S.W.2d 932, 933-34 (Mo. App. S.D. 1993) (allegation that father abused mother does not require appointment of guardian ad litem).

Father finally argues that the trial court, in overruling Father's motion for new trial, "summarized Father's testimony" that Mother had abused the children. While the trial court does refer to Father making a number of "accusations" directed at Mother, it says nothing about Father offering testimony to that effect. Allegations are not evidence. *See State v. Redifer*, 215 S.W.3d 725, 734 (Mo. App. W.D. 2006) ("[A]llegations . . . are not self-proving."). And when there is no allegation of abuse or neglect in any pleading, mere allegations at trial are not sufficient to require the court to appoint a guardian ad litem. Rather, "'if sufficient *evidence* [is offered at trial] that, if believed, shows actual abuse or neglect occurred, the court, either upon motion of a party or *sua sponte*, should order the pleadings amended to conform to the *evidence*.'" *Soehlke*, 398 S.W.3d at 15 (quoting *Rombach*, 867 S.W.2d at 504) (emphasis added).

While it is entirely possible that Father testified, or otherwise elicited very specific testimony, which, if believed, would show that Mother had abused or neglected the children, it is just as likely that Father, who represented himself, simply made a number of unsupported accusations during argument. "When a party fails to provide this court with . . . the transcript, we assume that . . . [it] does not aid [his] appeal." *Young v. Pitts*, 335 S.W.3d 47, 57 n.15 (Mo. App. W.D. 2011); *see also Kreidler v. State*, 419 S.W.3d 870, 873 (Mo. App. S.D. 2013) ("we . . . presume [appellant's] failure to provide us with the transcript . . . means that it would not support his claim"); *Kennedy v. State*, 771 S.W.2d 852, 854 (Mo. App. S.D. 1989) (exhibit containing trial transcript regarded as "unfavorable to movant" when not filed with the appellate

9

court).  And "argument . . . does not qualify as sworn and competent testimony and does not replace . . . [the] requirement to produce competent and sworn testimony or evidence." *Agnello v. Walker*, 306 S.W.3d 666, 675 (Mo. App. W.D. 2010).  The trial court presumably believed that Father's exhibits—apparently photographs showing the children with various bumps, bruises, and scrapes—were what they purported to be, and the court determined that they were not evidence of abuse.  Absent a proper record from which to review the evidence, we cannot determine that this ruling constituted an abuse of discretion.  "Poor hygiene, rashes, [and] bruises, . . . without more, do not constitute abuse or neglect." *Querry*, 382 S.W.3d at 927.

### Conclusion

The trial court did not abuse its discretion in determining that neither party had alleged abuse or neglect of the children, or that there was evidence of such abuse or neglect sufficient to mandate the appointment of a guardian ad litem.  The judgment is affirmed.[3]

_____
Karen King Mitchell, Judge

James Edward Welsh, Presiding Judge,
and Thomas H. Newton, Judge, concur.

---

[3] Mother filed a motion for attorney's fees under Rules 55.03 and 84.19, as well as section 452.335, arguing that Father's appeal was frivolous, and that Father made deceptive statements to this court and filed an insufficient record on appeal.  The motion was taken with the case, and is now denied.