

# Missouri Court of Appeals
## Southern District
### Division Two

RAYMOND WINFREY,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Respondent,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀No. SD36505
⠀⠀vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀FILED: October 6, 2020
CHEYENNE N. CAHALAN,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellant.⠀⠀⠀⠀⠀)

### APPEAL FROM THE CIRCUIT COURT OF ST. CLAIR COUNTY

Honorable Jerry J. Rellihan, Judge

### AFFIRMED

Cheyenne Cahalan ("Mother") appeals the trial court's judgment modifying the custody provisions for the minor child ("Child") she jointly parents with Raymond Winfrey ("Father"). In a single point, Mother contends that the trial court erred in denying her post-judgment "Motion to Set Aside Judgment, for a New Trial, or in the Alternative, to Reconsider" (Mother's "motion to set aside"). Mother contends that under section 452.423.2,[1] the trial court was required to appoint a guardian ad litem ("GAL") because of allegations that were made by Mother for the first time in her motion to set aside. We disagree and affirm.[2]

---

[1] All statutory references are to RSMo (2016) unless otherwise indicated. All rule references are to Missouri Court Rules (2020).

[2] Father filed a motion arguing that Mother's appeal should be dismissed because her brief violates certain requirements of Rule 84.04. Because the alleged violations, if any, do not substantially impair or hinder our review, Father's motion is denied.

## Factual and Procedural Background

Mother and Father have joint legal and joint physical custody of Child, who was born in 2014. The original court-ordered parenting plan entered on October 21, 2015, provided that "The residences of both Mother and Father shall be designated as the addresses of the Child for mailing and educational purposes." With the parties' agreement, the court-ordered parenting plan was modified on October 20, 2017, to designate Mother's address for educational and mailing purposes.

In November 2018, Mother moved from her residence in Collins, Missouri, to a new residence in Neosho, Missouri. Father responded by filing a motion to prevent relocation, which pleaded, among other things, that Mother's new residence was not in Child's best interests. Father additionally filed a proposed parenting plan (Father's "parenting plan") that proposed to designate his address for educational and mailing purposes. Mother filed an answer to Father's motion to prevent relocation and filed a motion to modify (Mother's "motion to modify") seeking modifications to child support, visitation, and a change to Child's residential address to reflect Mother's new address in Neosho.

After a trial on all pending motions between the parties, the trial court issued a judgment of modification granting Father's motion to prevent relocation, adopting Father's parenting plan, and denying Mother's motion to modify.

Mother then discharged her trial counsel and retained new counsel, who filed Mother's motion to set aside. That motion alleged, among other things, the following:

> During [Mother's] consultations with her [trial counsel] she revealed that since the last modification … [Child] had come home with bruises which were questionable and unreported by [Father][.]
>
> ***

2

[Mother] believes that… the Best Interests of [Child] will not be served if the Judgment is not Set Aside as to… [Mother's] Counsel[']s failure to properly plead the case when allegations of abuse or neglect have been made which requires the appointment of a [GAL][.]

The motion court held an evidentiary hearing on Mother's motion to set aside. Mother's testimony during that hearing, in pertinent part, was as follows:

Q. Did you during the case bring to your counsel's attention that there was possible abuse at the home of [Father]?

A. Yes.

The trial court thereafter entered a docket entry denying Mother's motion to set aside.

Mother timely appeals. In her sole point on appeal, Mother contends:

The trial court erred in denying [Mother's motion to set aside], because RSMo 452.423 requires the [appointment] of a [GAL], in that the trial court should have immediately set aside the judgment and appointed a [GAL] as soon as it was aware that there were allegations of abuse of [Child].

**Standard of Review**

When reviewing a judgment of modification, this Court will affirm if the trial court's findings are supported by substantial evidence, are not against the weight of the evidence, and the judgment does not erroneously declare or apply the law. But the trial court's conclusions regarding the application of section 452.423.2 involve only a review of the pleadings, with no factual findings. Accordingly, this Court will review those conclusions only for an abuse of discretion.

*Soehlke v. Soehlke*, 398 S.W.3d 10, 16 (Mo. banc 2013) (internal citations omitted).

**Discussion**

Mother's argument is exclusively premised upon section 452.423.2, which provides that

"[t]he court shall appoint a [GAL] in any proceeding in which child abuse or neglect is alleged."

*See also* ***Rombach v. Rombach***, 867 S.W.2d 500, 502 (Mo. banc 1993) ("It is clear that [section]

452.423.[2][[3]] mandates appointment of a [GAL] when child abuse or neglect is 'alleged'[.]").

---

[3] ***Rombach*** cited to the RSMo Supp. 1990 version of section 452.423, under which the provision for the mandatory appointment of a GAL when child abuse or neglect is alleged was located in subsection one. 867 S.W.2d at 501. In

"While the allegations should be broadly construed, a minimum degree of specificity is required."[4] *Reno v. Reno*, 461 S.W.3d 860, 864 (Mo.App. 2015) (internal quotation marks omitted).

As to the manner that such an allegation must be raised, our supreme court has held that "the mandatory appointment of a [GAL] pursuant to [section] 452.423.[2] is triggered only by an allegation of child abuse expressly stated in a pleading and not by the mere introduction of evidence at trial." *Rombach*, 867 S.W.2d at 503. "However, because of the importance of protecting children from abuse or neglect, 'if sufficient evidence is offered at trial that, if believed, shows actual abuse or neglect occurred, the court, either upon motion of a party or *sua sponte*, should order the pleadings amended to conform to the evidence pursuant to Rule 55.33(b) and appoint a [GAL] pursuant to section 452.423.2.'" *Soehlke*, 398 S.W.3d at 15 (quoting *Rombach*, 867 S.W.2d at 504).

Additionally, the following showing is required:

> The best interest of the child is not merely an important consideration in modification proceedings under section 452.410, it is the trial court's central concern. In such proceedings, the provisions of section 452.423 are intended to serve the child's best interest—and only that interest. Therefore, when an appellant seeks a new trial based on a claim that the trial court erred in applying section 452.423.2, Rule 84.13(b) prohibits the appellate court from granting a new trial unless the appellant clearly demonstrates both that the result of the trial court's failure to appoint a guardian was that the child's interest was not adequately protected at trial, and that this resulted in the trial court imposing modifications that were not in the child's best interest. *See Lewis v. Wahl*, 842 S.W.2d 82, 85 (Mo. banc 1992) ("Rule 84.13(b) forbid[s] appellate courts from

---

the RSMo (2016) version of section 452.423, which is applicable in this case, the mandatory appointment provision is located in subsection two.

[4] "There is no specific definition of 'abuse' and 'neglect' as those terms are used in section 452.432.2." *Soehlke*, 398 S.W.3d at 17. "The definitions of "abuse" and "neglect" in sections 210.110(1) and 210.110(5) may offer insight in some cases, *see Rombach*, 867 S.W.2d at 504, but those definitions are **not** controlling in the construction or application of section 452.432.2." *Id.* Instead, "the statute leaves the final construction of these terms to the experience and judgment of Missouri's trial courts, in which untold thousands of custody motions are reviewed annually." *Id.*

reversing judgments for errors that do not ***materially affect the outcome of a case***") (emphasis added).

***Id.*** at 15-16.

These legal authorities provide a roadmap for our determination as to whether the trial court's denial of the mandatory appointment of a GAL provision of section 452.423.2 constitutes reversible error requiring a new trial. Under that framework, Mother was required to demonstrate *each* of the following prerequisites:

- An allegation of child abuse or neglect exhibiting a minimum degree of specificity. *See* section 452.423.2; ***Reno***, 461 S.W.3d at 864.

- The identified allegation of abuse or neglect was asserted in the pleadings either in their written form or as amended to conform to the evidence. *See* ***Rombach***, 867 S.W.2d at 503–504.

- The result of the trial court's failure to appoint a GAL was that the child's interest was not adequately protected at trial and that this resulted in the trial court imposing modifications that were not in the child's best interest. *See* ***Soehlke***, 398 S.W.3d at 15.

Our analysis begins and ends with Mother's failure to demonstrate the first prerequisite. Mother asserts she made two allegations of abuse or neglect: her statement in her motion to set aside "that the child had come home with bruises which were questionable and unreported by the father" and her testimony at the hearing on that motion that "during the case [she brought to her then] counsel's attention that there was possible abuse at the home of [Father]." Both allegations, however, are nothing more than vague generalizations that do not amount to allegations of abuse or neglect. *See* ***Reno***, 461 S.W.3d at 864. Neither allegation asserts any specific conduct by Father that constitutes discernible acts of abuse or neglect against Child. As

5

the western district of our court has held, allegations of "[p]oor hygiene, rashes, *bruises*, and Mother's opinion with regard to Father's parental capabilities, without more, do not constitute abuse or neglect." **Querry v. Querry**, 382 S.W.3d 922, 927 (Mo.App. 2012) (emphasis added). Moreover, aside from its lack of specificity or its conclusory nature, Mother's testimony alleging "possible abuse" logically is not an allegation of abuse.

In the absence of an allegation of abuse or neglect, the trial court did not abuse its discretion in concluding that the mandatory appointment of a GAL provision of section 452.423.2 did not apply. *See* **Soehlke**, 398 S.W.3d at 16. Failing to demonstrate this first prerequisite, Mother's point necessarily fails on that basis alone and we, therefore, need not address the other two prerequisites. Mother's point is denied.

### Decision

The trial court's judgment is affirmed.

GARY W. LYNCH, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J./P.J. – CONCURS

DON E. BURRELL, J. – CONCURS